## Appeal of Joseph Church et al

Where a court of equity in a suit for partition has entered a decree commanding the defendants to make conveyance of a part of the land to the complainants, and the defendants have executed the deed as ordered, but have refused to surrender possession of the land, the court will make an order commanding possession to be surrendered, and, if this order is not complied with, will award a writ of assistance.

(Argued February 21, 1888.   Decided April 30, 1888.)

July Term, 1887, No. 206, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Appeal from an order of the Common Pleas of Lackawanna County in equity commanding defendants to deliver up possession of lands in their possession, January Term, 1883, No. 5. Affirmed.

In 1883 Helen M. Kelsey and others filed a bill in equity for partition against Joseph Church and Charles J. Church. January 21, 1886, a decree was entered in favor of the plaintiffs, alloting to them four ninths of the land and commanding the defendants to execute a good and sufficient deed for the same to the plaintiffs. The decree not having been complied with, an attachment was issued, August 2, 1886, against the defendants, under which they were imprisoned. On the same day, having satisfied the court that they had complied with the decree by executing the deed, they were discharged. July 12, 1887, the plaintiffs filed a petition in which they averred that the defendants "have continued in possession of said land . . . and refuse to deliver the same to the plaintiffs, and declare that they will not surrender their possession, thus wrongfully continued, until an action of ejectment is brought against them and judgment obtained thereon." The petition concluded with a prayer for a writ of possession. The defendants filed an answer averring that there had never been served

NOTE.—Formerly writs of assistance to secure obedience to an order to surrender the possession of land were issued as a matter of course, in the cases prescribed by rule of the supreme court, upon application to the prothonotary. Com. ex rel. Smith v. Dieffenbach, 3 Grant, Cas. 368. Now, by § 82 of the supreme court equity rules the complainant must apply to the court, and furnish proof by affidavit of a demand and refusal to obey the decree.

upon them any decree or order for the delivery of possession of any lands; that no such decree or order had been made in the case; that there was no prayer for such decree in the bill filed in the case, and nothing was set forth in the bill of the plaintiffs to warrant such decree; that part of the lands mentioned in the petition were in the possession of John Keithline and A. H. Wenton, and defendants were therefore unable to deliver possession thereof; that as to the lands in their possession they held them by virtue of a legal title superior to any claim of plaintiffs and were ready to maintain their right to same by due course of the law; that the application asked for an arbitrary order which would be in direct violation of the rights of defendants guaranteed to them by the 9th and 11th sections of article 1 of the Constitution of Pennsylvania, and by section 10 of article 1 of the Constitution of the United States, and by the 5th and 14th Amendments to the same; there being no decree for delivery of possession, nor any adjudication upon the defendant's right of possession.

The court, ARCHBALD, A. L. J., after argument on the petition and answer, filed the following opinion:

It may be laid down as a general rule that a writ of assistance in equity to put the plaintiff into possession of lands will issue, where delivery of such possession has been directed by the decree, or where the right to such possession flows out of that which is established by the decree. The practice is by no means confined, as suggested by counsel for defendants, to proceedings for the foreclosure of a mortgage. This is but a single and more recent application of the rule.

It is said by Lord HARDWICKE (Penn v. Baltimore, 1 Ves. Sr. 444) that the practice of putting a party into possession in a suit concerning lands within the jurisdiction of the court was first begun and settled in the reign of James I., but it is shown by others to have existed as early as the time of Henry VIII. The observation of Lord HARDWICKE was called forth, in the case cited, by the objection made to the jurisdiction, that no writ of assistance to deliver possession under the decree could issue, because the lands whose boundaries were in dispute were in America. It was thus made an argument against the jurisdiction of the court, that it could not give full effect to its decree in that case, by the customary writ of assistance.

In Dove v. Dove, 2 Dick. 617, there was a decree against the tenant in possession, the widow, that the estate of the testator

be sold. After sale made the purchaser was put into possession by a writ of assistance against the widow, although she claimed, not under the will, but under some right of jointure of dower of her own.

In Huguenin v. Baseley, 15 Ves. Jr. 180, where a conveyance of land was set aside upon the ground of undue influence, the grantor was allowed a writ of assistance to put her into repossession of her property. The same practice was observed in De Vaucene v. De Vaucene, 1 Edw. Ch. 272.

It was said by PARKER, Ch. J., in Buffum's Case, 13 N. H. 14: "The decree in this case may be regarded as establishing an equitable title in the plaintiff . . . so that without the execution of any deed by . . . the defendant in pursuance of it, the court would put the plaintiff in possession by a writ of assistance if necessary."

In Garretson v. Cole, 1 Harr. & J. 387, the court said it would be a disgrace to the administration of justice, if, after a title to land had been established by the adjudication of a court, there could be no way of obtaining possession but after judgment in ejectment.

In Schenck v. Conover, 13 N. J. Eq. 223, 78 Am. Dec. 95, it was considered by the chancellor as the result of all the cases, to be the long-established and familiar practice of the court of chancery, wherever the conveyance of real estate is decreed, to compel the defendant to surrender possession to the plaintiff, and not compel him to resort to an action at law.

And in our own case of Com. ex rel. Smith v. Dieffenbach, 3 Grant, Cas. 368, a writ of assistance was awarded in accordance with the recognized equity practice, where, after judgment of ouster in quo warranto proceedings, an injunction for delivery of possession has issued, and obedience thereto been refused.

In Kershaw v. Thompson, 4 Johns. Ch. 609, after a sale upon a decree for the foreclosure of a mortgage, the purchaser applied to the court to be put in possession by a writ of assistance. Chancellor KENT was at first in considerable doubt whether the practice should be extended to such a case, but upon a careful examination of the authorities he satisfied himself that it should be. As this is a leading case, everywhere recognized as of the highest authority, and was an extension of the writ to a new class of cases, it may be well to repeat here some of the considerations which moved him. "It does not appear to consist

with sound principle," says that eminent judge, "that the court which has exclusive authority to foreclose the equity of redemption of a mortgagor, and can call all the parties in interest before it, and decree a sale of the mortgaged premises, should not be able even to put the purchaser into possession against one of the very parties to the suit and who is bound by the decree. When the court has obtained lawful jurisdiction of a case and has investigated and decided upon its merits, it is not sufficient for the ends of justice merely to declare the right without affording the remedy." And again: "The distribution of power among the courts would be injudicious and the administration of justice exceedingly defective, and chargeable with much useless delay and expense, if it were necessary to resort, in the first instance, to a court of equity, and afterwards to a court of law to obtain a perfect foreclosure of a mortgage. It seems to be absurd to require the assistance of two distinct and separate jurisdictions for one and the same remedy, *viz.*, the foreclosure and possession of the forfeited pledge. But this does not, upon due examination, appear to be the case; and it may be safely laid down as a general rule that the power to apply the remedy is coextensive with the jurisdiction over the subject-matter. A bill to foreclose the equity of redemption is a suit concerning the realty, and *in rem;* and the power that can dispose of the fee must control the possession. The parties to the suit are bound by the decree; their interests and rights are concluded by it; and it would be very unfit and unreasonable that the defendant whose right and title has been passed upon and foreclosed by the decree should be able to retain the possession in despite of the court. This is not the doctrine of the cases, nor the policy of the law."

The practice thus established has, upon a like line of reasoning, been adopted in New Jersey (Schenck v. Conover, 13 N. J. Eq. 220, 78 Am. Dec. 95; Beatty v. DeForest, 27 N. J. Eq. 483); and perhaps in other states, as well as sustained by the Supreme Court of the United States (Terrell v. Allison, 21 Wall. 291, 22 L. ed. 635).

It is said by Chief Justice BEASLEY in Beatty v. DeForest, 27 N. J. Eq. 483: "In my opinion a purchaser under a decree, having a sheriff's deed, has as much right to the assistance of the court to be put in possession, as a plaintiff in a court of law has to an execution after judgment. . . . This remedy is founded on the general principle that a court of equity will,

when it can do so justly, carry its own decrees into full execution, without relying on the co-operation of any other tribunal."

And by Mr. Justice FIELD in Terrell v. Allison, 21 Wall. 291, 22 L. ed. 635: "The power to issue the writ results from the principle that the jurisdiction of the court to enforce its decree is coextensive with its jurisdiction to determine the rights of the parties, and to subject to sale the property mortgaged. It is a rule of that court to do complete justice when that is practicable, not merely by declaring the right, but by affording a remedy for its enjoyment. It does not turn the party to another forum to enforce a right which it has itself established."

All this is very pertinent to the case in hand; and upon consideration of what has thus been said and decided, I cannot doubt but that a writ of assistance to put the present plaintiffs into possession of their purpart would be eminently proper. It is useless to seek for analogies to this practice in the action of partition at law, for such action proceeds solely upon the theory of a common possession, and if the defendant is holding adversely a recovery cannot be had therein. No such thing, therefore, appears in such practice, that I am aware of, as the execution of judgment in an action of partition at law by delivery to the parties of the possession of their respective purparts. But, as I had occasion to point out at a prior stage of this case, partition in equity is not necessarily subject to the same limitations as partition at law. If the court has otherwise jurisdiction to decree it, it may be no bar thereto that the defendants are holding adversely. In order, therefore, that the remedy may be complete, it may be necessary in partition in equity to enforce delivery of possession according to the allotments made by the decree.

The present case presents such an occasion. It is established that the defendants are trustees of the plaintiffs as to four ninths of the land in dispute. It was upon this that the jurisdiction was taken and partition made. In execution of this trust, and to completely vest the plaintiffs with their rights, the defendants have been compelled to convey to them the fee. Had these proceedings resulted, as they might, in a sale of the property, can there be a doubt, under the authorities cited, as to the power of the court to put the purchaser into possession of the premises? But although the court could so dispose of the fee, either by directing conveyances of the purparts in the one case, or compelling a sale in the other, yet it is contended by the defendants

that it has no jurisdiction over the possession, but must remit the plaintiffs to an action of ejectment in another forum, where it is evident they have the vain hope of litigating over again the matters that have been herein, as well as heretofore, decided against them.

I am clear, whether looking at the case as one of trust, in which the plaintiffs hold, by the decree of this court, a conveyance from the defendants in execution thereof, or as one of partition, proceeding upon equitable grounds, and drawing to it the power to dispose of the fee, that the right exists, and should be enforced, of making the decree effectual, by compelling the defendants to deliver up to the plaintiffs the possession of the lands alloted to them.

But the defendants are right in the position taken in their answer to the present application, that no order or decree for the delivery of the possession has been served upon them. The writ of assistance only issues as the result of disobedience to such an order (cf. Equity Rules, Rule XIV., § 82). But it is no permanent objection that this is not embodied in the decree. Dove v. Dove, 2 Dick. 617, 1 Bro. Ch. 375, 1 Cox, Ch. Cas. 101; Kershaw v. Thompson, 4 Johns. Ch. 609; Montgomery v. Tutt, 11 Cal. 190.

The proper practice in such case seems to be to enter an order enjoining on the defendants to make delivery, and, upon a refusal, the writ of assistance may then issue. Kershaw v. Thompson, 4 Johns. Ch. 609; Montgomery v. Tutt, 11 Cal. 190; Fackler v. Worth, 13 N. J. Eq. 395.

It may seem useless to make such preliminary order in the present case in view of the declared intentions of the defendants and their attitude in opposition to the application for this writ. And it is true that some of the cases do dispense with such order (Montgomery v. Middlemiss, 21 Cal. 103, 81 Am. Dec. 146; Valentine v. Teller, Hopk. Ch. 422); but it must be remembered that, in original contemplation, the principal order was the injunction to deliver possession, acting, like all process in equity, upon the person. The writ of assistance was merely an adjunct to this, to compel by manual delivery of the sheriff, what the defendants personally refused to concede.

It may be that it is more in accordance with the modern idea of things to at once put the plaintiff into possession of his rights, as upon an *habere facias poss.* at law, rather than to await the slow obedience of the defendant; but I do not feel authorized

to so modify the established practice. Moreover, it may be said that until the defendant had been served with such an order, he cannot know that he is in fact required to deliver up possession; and that the mere demand of his adversary is not the equivalent. *Non constat* that he will not 'obey rather than contemn such order, if it be made, especially as it may also be enforced against him by attachment.

With regard to the suggestion made by the defendants in the present answer, that the lands in question are in part in the possession of John Keithline and A. H. Winton, a reference to the map made by the commissioners shows that the Keithline or Keisling lot was set off as part of the lands allotted to the defendants. But, however that may be, the defendants cannot set up the claims of third parties as a shelter for themselves.

While, therefore, I am satisfied, according to the views above expressed, that a writ of assistance may properly issue in this case if it becomes necessary, I refuse it for the present as prematurely applied for. But I will enter an order on the defendants to deliver up possession, after which the plaintiffs may reapply for the writ, in case delivery of possession be still refused.

The court made an order in accordance with the opinion.

The assignments of error specified the action of the court in making the above order.

February 15, 1888, counsel for appellants and appellees agreed that the case should be considered by the supreme court as though the order in question had been duly served, and the appellants had refused to surrender possession and a writ of assistance had been issued.

*A. H. Winton* and *A. Ricketts,* for appellants.—The appellants have a right guaranteed to them both by the state and Federal Constitutions to have their claims tried by a jury in a common-law proceeding. Yick Wo v. Hopkins, 118 U. S. 356, 30 L. ed. 220, 6 Sup. Ct. Rep. 1064; Meck's Appeal, 97 Pa. 313; North Pennsylvania Coal Co. v. Snowden, 42 Pa. 488, 82 Am. Dec. 530; Norris's Appeal, 64 Pa. 275; Tillmes v. Marsh, 67 Pa. 507; Haines's Appeal, 73 Pa. 169.

The character of the jurisdiction of our courts sitting in equity is a limited one, and they cannot exercise a jurisdiction not granted by the legislature. Dohnert's Appeal, 64 Pa. 311; Davis v. Gerhard, 5 Whart. 466; Gilder v. Merwin, 6 Whart.

522; Page v. Heath, 56 Pa. 215; Bakewell v. Keller, 11 W. N. C. 300.

Even if the court had jurisdiction, under the pleadings in this case, the court could not enter such an order as that now in question. The decree does not conform to the prayer and allegations of the bill. Delaware & H. Canal Co. v. Pennsylvania Coal Co. 21 Pa. 131; Kelsey v. Murphy, 26 Pa. 78; Cumberland Valley R. Co.'s Appeal, 62 Pa. 218; Montesquieu v. Sandys, 18 Ves. Jr. 302; Stevens v. Guppy, 3 Russ. Ch. 185; Crocket v. Lee, 7 Wheat. 523, 5 L. ed. 513; Jackson v. Ashton, 11 Pet. 229, 9 L. ed. 698.

*I. P. Hand* and *Henry W. Palmer,* for appellees.—The right to possession flowed from and was inherent in the rights established by the decree in this case. Garretson v. Cole, 1 Harr. & J. 387.

In Schenck v. Conover, 13 N. J. Eq. 223, 78 Am. Dec. 95, it was considered by the chancellor as the result of all the cases to be the long-established and familiar practice of the court of chancery whenever the conveyance of real estate is decreed, to compel the defendant to surrender possession to the plaintiff and not compel him to resort to an action at law.

PER CURIAM:

If it be at all necessary to prove so obvious a proposition as that a court of equity has the power to enforce its own decrees, that proof may be found in the able opinion of the learned judge of the court below.

The appeal is dismissed and the decree affirmed, at costs of appellants.