## Kelley's Estate.

*Practice, O. C.—Partition—Possession—Proceedings to obtain possession— Decree of court—Notice — Title — Deed — Citation — Return-day — Rules of court, Luzerne County.*

1. Where the Orphans' Court has decreed a partition of real estate, and one in possession refuses to surrender the same, alleging that he has not had notice of the court's decree, an order will issue for possession to be surrendered within ten days after service thereof. If the respondent refuses to deliver the property after that time, the proper writ giving possession may then issue.

2. Proceedings to gain possession after a decree of partition need not be brought in conformity with the Act of April 9, 1849, P. L. 524, 527, for such a decree is not a "sale under the order of and confirmed by the Orphans' Court," as contemplated by that act.

3. A deed is not required in order to vest title awarded under a decree of court.

4. A citation awarded by the Orphans' Court, under the Rules of Court of Luzerne County and the statutes relating thereto, is returnable in ten days.

Petition for possession of property awarded in partition. O. C. Luzerne Co., Year 1916, No. 750.

*M. J. Marshall,* for petitioner; *S. S. Herring,* for exceptant.

HELLER, P. J., Oct. 13, 1922.—On Sept. 6, 1921, an inquest in partition was awarded in the above estate, terminating on Feb. 25, 1922, with a decree, whereby the real estate located in Wilkes-Barre Township, Luzerne County, Pennsylvania, was decreed to James Foley, the petitioner in the present petition, upon his entering into a recognizance in the sum of $4000. The said recognizance with sureties approved by the court was filed March 3, 1922. William Foley, one of the parties to the proceedings, was in possession of the premises at the time of the institution of the proceedings, and is still in possession. The petitioner sets forth that since the decreeing of the property to him possession has been refused him, although the said William Foley has been requested and notified to deliver possession.

The petitioner, James Foley, prays that a citation issue to the said William Foley to show cause, if any he has, why possession of the premises therein described shall not be delivered to the petitioner. The citation was awarded,

3 D. & C.

and this was answered by the respondent, William Foley, by a motion to quash said citation. The matter is now before the court on the petition for possession and motion to quash which is more in the nature of a demurrer. One of the questions raised by the respondent is "that, contrary to law, the said citation was issued before the deed was executed and acknowledged to the petitioner, James Foley, for the premises mentioned in said citation and petition." From the character of the proceedings, no deed was required, as the decree of the court and the filing of the approved recognizance vested title. Therefore, the point raised lacks merit and is dismissed.

Further, it is urged that "the said citation and petition were served on the respondent on July 31, 1922, and said citation is returnable Aug. 11, 1922, at 10 o'clock A. M., and is not, therefore, returnable at the expiration of fifteen days from the service thereof, as is required by law." Under our rules of court and the statutes relating thereto, ten days is the prescribed time for service, and this assignment is dismissed.

It is urged "that no notice in writing from the petitioner of his title to the premises in the petition, as is required by law, and no such written notice, is averred in said petition to have been given before the issuance of said citation." To this proposition there may be some merit, but we will dispose of the same later.

Upon argument and from briefs of counsel, it is contended that the citation must fail, for the reason that the proceedings to gain possession must be brought in conformity with the Act of April 9, 1849, § 16, P. L. 527, which is as follows:

"That in all cases of *bona fide* sales under the order of and confirmed by the Orphans' Court, the title of the purchaser shall not be affected by the subsequent revocation of the letters testamentary or of administration of the executor or administrator making such sales, and that purchasers of real estate sold under orders of the Orphans' Court shall, after the confirmation of the sale and the execution and acknowledgment of the deed, have a right to proceed to obtain possession of the purchased premises in the same manner as is now provided in relation to purchasers in sheriff's sales"—the Act of April 20, 1905, P. L. 239, providing the remedy under the Act of 1849.

In this we cannot agree for the following reason: The decree of the Orphans' Court in awarding the real estate in partition is not a "sale under the order of and confirmed by the Orphans' Court" as contemplated in the Act of April 9, 1849.

Is the petitioner for possession entitled to the relief prayed for and in the manner sought? We find that he is so entitled, and base our conclusion on the well-considered opinion of the learned court in the matter of Appeal of Joseph Church et al., reported in 10 Sadler, 230, and rather than quote from the same direct attention to it.

Reverting to the question raised relative to the absence of written notice, we are constrained to find that an order directing possession and delivery at this time would be premature. The proper practice is to enter an order enjoining on the respondent to make delivery, and, upon refusal, the proper writ giving possession may then issue.

In conformity with the above findings and conclusions, it is hereby ordered and directed that William Foley deliver up the real estate located in Wilkes-Barre Township, Luzerne County, Pa., described as follows:

"Beginning at a point on the southerly side of Lehigh Street, . . . being a portion of the premises originally conveyed to Terance Foley and Winifred Foley, deed of Morris Tammany *et ux.*, dated June 8, 1869, and recorded in

Kelley's Estate.

the office for the recording of deeds in and for Luzerne County, in Deed Book No. 174, page 147, to James Foley, to whom the said premises were decreed by decree of court dated Feb. 25, 1922, and that said delivery be made within ten days after service of this order."

From F. P. Slattery, Wilkes-Barre, Pa.