## NORTH AMERICA LIFE INSURANCE COMPANY *vs.* JOHN T. WILSON.

If a policy insures A. on the life of B., B. cannot avoid the policy for fraud, or maintain an action for money had and received against the insurers, although he caused the policy to be effected and has paid the premiums.

WRIT OF REVIEW of a judgment of the Superior Court in favor of the defendant in review recovered in an action brought by him against the plaintiffs in review for money had and received, being the amount of premiums paid on a policy of insurance issued by them.

At the trial on review in the Superior Court, before *Putnam*, J., the defendant in review introduced evidence tending to show that he negotiated a contract for life insurance with the plaintiffs in review, through one Pierce, their agent; that Pierce made certain fraudulent representations as to their policies; that at the request of the defendant in review, made in consequence of these representations, the plaintiffs in review issued the policy in question to William F. Wilson and Andrew Wilson, payable to them on the life of the defendant in review; that the defendant in review paid on this policy the premiums which he sought to recover in the original action; and that having discovered that the representations of Pierce were false, he demanded from the

plaintiffs in review the amount of the premiums which he had paid.

Upon this evidence, at the request of the plaintiffs in review, the judge ruled that the defendant in review had no cause of action in his own name against the plaintiffs in review on the policy or on account of the premiums paid ; and he directed a verdict for the plaintiffs in review and reported the case for the consideration of this court. If the ruling was correct, judgment to be entered on the verdict ; if not correct, the case to be remanded for a new trial.

*J. T. Wilson, pro se.*

*R. D. Smith,* for the plaintiffs in review.

GRAY, J. The policy of insurance was made to William F. Wilson and Andrew Wilson and was payable to them. John T. Wilson, whose life was thereby insured, was not a party to the contract. *Campbell* v. *New England Insurance Co.* 98 Mass. 381, 400. He had therefore no right to avoid the policy on the ground of fraud, and, even if the money paid by him for premiums was his own and not that of the assured, he cannot recover it back in this action.

*Judgment on the verdict for the plaintiffs in review.*