Day, J.
The original action was brought in the court of common pleas, by Erank H. Wright, the defendant in error, against the insurance company, to recover back the premiums paid by him for two policies, on the ground that the premiums were procured by fraud. Judgment was-rendered in his favor. To reverse this judgment; the company prosecuted a petition in error in the district court,, which was reserved for decision in the Supreme Court.
1. The first question made, in the order in which they arise on the record, is that the court erred in overruling a. general demui’rer to the petition. There are two counts in the petition. In the first it is, in substance, averred that the agent of the company, acting within the scope of his authority, proposed to insure the life of the plaintiff below, and, to induce him to make application for that pui’pose, falsely represented to him that, for a specified annual premium, the company would issue to him a policy, which in sixteen years would become self-sustaining, and in twenty-two yeai-s would be paid by the company in full, together with an annual accumulation of dividends thereon; that these representations' were known by the agent to be false; that, in good faith relying upon them, he made his application for a policy, on his own life, and paid to the agent the premium for one year; that soon thereafter a policy was sent to him, which was an ordinary life policy, essentially unlike what it was represented it would be ; and that, upon, discovery of the fraud, he returned the policy to the company, and demanded the return of the premium paid, which? *535 it refused to do. The second cause of action is, like the first, for another premium, alleged to have been fraudulently procured of the plaintiff', for a policy on the life of his wife.
The representations made by the agent of the company, as appears from the petition, amount to more than mere expressions of opinion, as to the possible or probable profits or benefits to be derived from a policy of the company; they might reasonably be understood as statements of the provisions to be contained in the policy. In this light, on failure of the company to issue the kind of policy contemplated under the representations of the agent, the applicant, either upon the ground of fraud or for a breach of contract, might rescind and demand back the premium paid. This, it is alleged, was done by the plaintiff, who was, so far as appears from the petition, the applicant, and the only party interested in the policy. He might, then, on refusal of the company to return the premiums, upon the case made in the petition, bring an action in his own name for their recovery. There was, therefore, no error in overruling the demurrer to the petition.
2. The company moved for a continuance of the case, on the ground of inability to procure the testimony of an absent witness; and, in accordance with the rule, the affidavit for continuance contained a statement of what. was expected to be proved by the witness. To prevent a continuance of the case, the plaintiff’ consented that the statement, might be used as the testimony of the witness, which, if he were present, would be given by him. Upon the statement being read in evidence by tire company, the plaintiff, against the objection of the company, was allowed to introduce evidence impeaching the reputation of the witness for truth. There was no error in this; for, under rule 18, the affidavit so read in evidence is to be “ treated as the evidence of an absent witness.” The consent of the plaintiff had no other effect than that the affidavit should be so treated. Its credibility might therefore be attacked in the *536 same manner as that of a deposition — by impeaching the veracity of the witness.
3. On the trial, the plaintiff below, testified that the agent of the company made the representations, as stated in the petition, upon which the applications for the policies were made. He was also allowed, against the objection of the company, to prove, by other witnesses, that the agent, to induce them to make application for insurance in the company, made similar representations to them. To the admission of which the company excepted; and also, before the close of the trial, moved the court to withdraw it from the consideration of the jury.
This evidence was admissible for no other purpose than to show that the representations made to the plaintiff were known by the agent to be false. There was, however, no evidence given tending to show that the statements made to others were false, or known by the agent to be untrue. The evidence, then, afforded no light upon the point on which alone it was admissible ; and therefore should have been ruled from the jury.
4. On the trial, evidence was giveu, tending to prove that both policies were procured, and the premiums for one year paid, by the plaintiff; that the written application for one policy, to insure his own life, was made in the name of his wife, and the policy was made payable to her; and the written application for the other policy was made in the name of his son, to insure the life of his mother, the wife of the plaintiff, and the policy was made payable to the son. Neither wife nor son is a party to the suit.
Thereupon, the company asked the court to charge the jury, that if they find each policy was respectively made on the application of a person other than the plaintiff, and was made payable to such person, then such person is a necessary party to the surrender, release, or recision of the policy issued to him or her; and if they further find that the policy was not surrendered, released, or rescinded by such party, but continued in force and binding on the com *537 pany,' then the plaintiff can not recover. The court refused to charge as requested, and the company excepted.
The charge requested ought to have been given; for, the policies not being payable to the plaintiff, he was not a party thereto, and therefore could not avoid them. The policies being in the name, and for the benefit of, other parties, and continuing in force against the company, the premiums, although paid by the plaintiff, could not be recovered back by him. North Am. Ins. Co. v. Wilson, 111 Mass. 542.
Other questions presented in the record have not escaped our notice, but are of minor importance, and need no further consideration here.

Judgment reversed.