THE NEW YORK LIFE INSURANCE COMPANY, PLAINTIFF IN ERROR, v. JAMES BONNER, DEFENDANT IN ERROR.

Practice: PARTIES.   J. B. took out a policy of insurance on his own life, payable to his wife, for the benefit of her and their children.   After paying the annual premiums on said policy for many years, all of which were paid by him out of his own money, and the policy always kept by him in his own possession, and under his control, it was allowed to lapse.   Shortly afterwards, one C., a sub-agent of the company, bought in the said policy on the part of the company, from J. B., agreeing to pay $350 as the surrender value thereof in premiums on a new

policy which was issued to him, and one annual premium, $113.64, credited thereon. When the second annual premium became due the company demanded payment thereof from J. B., whereupon he brought suit in his own name against the company for the said surrender value of the old policy, less the sum of $113.64 allowed in premium on the new policy. On demurrer and on exceptions to the charge to the jury, *Held*, That such action was properly brought under sec. 32 of the code of civil procedure.

ERROR to the district court of Douglas county. Tried below before SAVAGE, J.

*Albert Swartzlander*, for plaintiff in error. The suit should have been brought in the name of Rebecca O. Bonner, the beneficiary. *Swan v. Snow*, 11 Allen, 224.

*Webster & Gaylord*, for defendant in error. James Bonner was the real party in interest. The wife had no vested interest in the policy. *Lemon v. Phœnix L. Ins. Co.*, 38 Conn., 294.

COBB, J.

The plaintiff took out a policy of insurance from the defendant on his own life, payable to his wife and their children, on which policy he paid the annual premiums for many years, but finally allowed it to lapse. Shortly afterwards one J. B. Cary, an acting agent of the defendant, applied to the plaintiff and proposed to purchase in the said lapsed policy on behalf of the defendant; and, finally, after considerable negotiation, it was agreed between them that $350 should be the surrender value of the old policy; that plaintiff would surrender it to the company, and receive a new policy, running for ten years. The annual premiums on this new policy would amount to $113.64, so that the $350 agreed upon as the surrender value of the old policy would a little more than pay the said premiums for

three years.  The new policy was delivered by the said Cary, and the old one taken up by him, and in making the change he presented several papers to the plaintiff for his signature and endorsement, all of which he signed or endorsed as requested.  At the expiration of the year the defendant company demanded payment of the second annual premium of the plaintiff, when it appeared that among the papers which the plaintiff had endorsed at the request of the said Cary was a draft for $180.24, which, together with the amount of the first annual premium on the new policy and the amount of a premium note, which appears to have been outstanding on the old policy, made up the sum of $350, the agreed surrender value of the old policy.  This suit was brought by the plaintiff, defendant in error, against the defendant, plaintiff in error, for the balance of said surrender value of the old policy, after deducting the amount of the first annual premium on the new policy.  The verdict was for $228.71, upon which the plaintiff entered a remittitur for $3.00, leaving $235.71 to stand as the judgment.  In arriving at the amount found by the jury, they obviously allowed to the defendant company the amount of the said premium note outstanding on the old policy.

The first point made by the plaintiff in error, other than the general one that the court erred in overruling the motion for a new trial, arises upon the overruling of the demurrer to the reply, as well as upon certain instructions to the jury, and certain instructions prayed by the plaintiff in error, and refused by the court.  The instruction prayed by the plaintiff in error and refused by the court presents the point, and is as follows: "If the jury find from the evidence that in the policy of insurance described in the pleadings the premiums were contracted to be paid by Rebecca O. Bonner, and in the case of the death of James Bonner, the insurance

money was to be paid to her, and that she is still liv-
ing, then she is the beneficiary and the real party in
interest, and any action founded on said policy to re-
cover its surrender value must be brought in her
name, and not in the name of the plaintiff."

The testimony was that the defendant in error had
paid all the premiums on the old policy out of his own
money; that he had always had the policy in his ex-
clusive possession; that all of the negotiations for the
taking up of the same and paying the surrender value
thereof, by the company or its agent, had been made
with James Bonner, and that his wife, Rebecca O.
Bonner, knew nothing about it.   It is true, that there
is no direct testimony that the contract as evidenced
by the old policy was (on the one part) made by the
defendant in error, James Bonner, but I think myself
warranted in assuming from his testimony, which I
quote, that such was the case.

Q.    Who paid the premiums on this old policy?

A.    I did always.

Q.    Whose money was it you paid on that policy?

A.    My individual money.

Q.    In whose possession was that policy, and under
whose control was it?

A.    Mine always.

Q.    Had it been in the possession and under the con-
trol of anybody else?

A.    No, sir.

Q.    It was under your control all the while?

A.    Yes, sir.

Section 32 of the code provides that "   *   *   *   a
person with whom   *   *   *   a contract is made for
the benefit of another,   *.  *   *   may bring an action
without joining with him the person for whose benefit
it is prosecuted."   Gen. Stat., 528.

If I am not wrong in assuming that the contract was

made by James Bonner—in other words, that the old policy was taken out by him for the benefit of his wife and their children—then under the above provision of the code, there was no error on the part of the district court in overruling the demurrer, or in the charge complained of, or in refusing the prayer of the plaintiff in error. Pomeroy on Remedies and Remedial Rights, sec. 175, and authorities there cited.

There were other points made in the motion for a new trial and petition in error; but they are not insisted upon in the brief, nor do I think that, were they urged, they could be made controlling ones of the case.

The judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.