FREDERICK TRABANDT *vs.* CONNECTICUT MUTUAL LIFE
INSURANCE COMPANY.

Suffolk. Nov. 11, 1880. — April 11, 1881. ENDICOTT, J., did not sit.
LORD & FIELD, JJ., absent.

If a policy insures the life of A. for the use of B., A. cannot maintain an action
against the insurer for the premiums paid by him on the policy, although the
policy never took effect by reason of fraud on the part of the agents of the
insurer.

CONTRACT upon an account annexed to recover $482.18,
being the premiums and interest thereon paid by the plaintiff
to the defendant on a policy of insurance alleged to be void.
Trial in the Superior Court, before *Rockwell,* J., who, after
verdict, reported the case for the consideration of this court, in
substance as follows :

The plaintiff introduced evidence tending to show that Wil-
liam S. Danforth, the agent of the defendant, came, in October
1867, to the plaintiff's house, at his request, with a physician, to
make out the papers for insurance on the plaintiff's life ; that
the physician examined him and passed him ; that Danforth
asked him his age, and was told that he was born in 1813 ; and
was also shown two passport books used by the plaintiff in
Germany, in which he was represented as twenty-six years old
in 1840, and twenty-seven years old in 1841 ; that the agent
thereupon filled out a proposal for insurance to which the agent
signed the wife's name, and the plaintiff witnessed the same ;
but that neither he nor his wife could read or write English,
and the proposal and the questions and answers therein were
not read to them, and they did not know what they contained ;
that the plaintiff paid the first premium and all annual pre-
miums, including that for the year 1877, as his own money,
and that the defendant received them as paid on account of the
policy.

It further appeared that the proposal for insurance repre
sented that the plaintiff was forty-three years old, and contained
an agreement on the part of the assured that, if the statements
therein made were not true, the policy should be void, and all
moneys paid on account thereof be forfeited to the company ;

and that the policy, which insured "the life of Frederick Tra-bandt for the sole use of Mary Trabandt," contained the provision that, if the proposal, answers and declarations should be found to be untrue, the policy should be void, and cease and determine ; and that, if after three premiums had been paid the policy should be surrendered while in force, the company would issue a paid up non-forfeiture policy therefor.

It further appeared that yearly notifications, signed by the secretary of the company, were sent to the plaintiff, of the amounts due, giving authority to the agent to receive the same, and that yearly receipts were so given the plaintiff for the amounts paid by him to such agent.

There was also evidence that, when the premium for 1878 became due, the plaintiff went to the office of the defendant in Boston, said he was too poor to pay the premium, and asked that the company would do what it could for him ; that the agent asked how old he was, and, on being told the year in which he was born, said at once that he was ten years older than the policy insured him for, and that the policy was void; and that the president of the company subsequently said it was void.

The plaintiff contended that the policy was void from the beginning, and never took effect by reason of the fraud of the defendant's agents. At the request of the defendant, the judge ruled that the plaintiff could not recover, and directed a verdict accordingly. If, in any aspect of the plaintiff's case, a verdict of the jury for the plaintiff could be sustained, the verdict for the defendant was to be set aside, and a new trial ordered ; otherwise, judgment on the verdict.

*D. E. Ware*, for the plaintiff, to the point that the plaintiff was the proper party to bring the action, cited *Porter* v. *Bussey*, 1 Mass. 435 ; *Bliss* v. *Thompson*, 4 Mass. 488 ; *Tyrie* v. *Fletcher*, Cowp. 666 ; *Holt* v. *Ely*, 1 El. & Bl. 795 ; 1 Chit. Pl. 363, 364 ; Dicey on Parties, 91, 92.

*J. Fox*, (*C. Allen* with him,) for the defendant.

BY THE COURT. The contract of insurance was between the defendant and the wife. The premiums were paid by the husband with her consent and on account of her policy. He incurred no responsibility to her by reason of such payment,

was no party to her contract with the defendant, and suffered no injury from the invalidity of that contract. If any action can be maintained to recover the amount of the premiums so paid, it must be in her name, and not in his. *North America Ins. Co.* v. *Wilson,* 111 Mass. 542. *Judgment on the verdict.*