## H. D. Scott *vs.* Albert E. Jones.

Opinion filed November 9, 1900.

**Trustee—Error of Judgment—Liabilities.**

> A trust deed declared that the trustee should not be liable for errors or mistakes of judgment in the execution of the trust. In an action subsequently brought by the trustor against the trustee for an accounting, the court found the trustee delinquent in his accounts in a certain sum, but found that the trustee had been guilty of no dishonest act, and the delinquency was the result of accident, error, and misadventure in the conduct of the trust business. *Held,* that there was no liability on the part of the trustee.

Appeal from District Court, Cass County; *Pollock,* J.

Action by H. D. Scott, trustee in bankruptcy for G. A. Grover, against Albert E. Jones. Judgment for plaintiff. Defendant appeals. Modified.

*John E. Greene,* for appellant.

*Morrill & Engerud,* for respondent.

Bartholomew, C. J. In 1894 G. A. Grover was doing a general merchandise business at Horace, in Cass county, N. D. On December 19, 1894, he executed a deed of trust of all his property to one Albert E. Jones, for the benefit of his creditors. The deed was executed by Grover, as trustor, and Jones, as trustee, and the creditors of Grover, as beneficiaries. This same deed was before us in *Mercantile Co.* v. *Grover,* 7 N. D. 460, 75 N. W. Rep. 911, 41 L. R. A. 252. Pursuant to the deed, Jones took possession of the property, and proceeded with the execution of his trust. In February, 1897, the trustor brought an action against the trustee to compel an accounting, claiming that said trustee was converting the property to his own use, and not properly accounting for the same. Grover being subsequently adjudged a bankrupt, his trustee, H. D. Scott, was substituted as plaintiff. There was an answer in full denial of this claim. The trial resulted in a judgment against Jones for $1,000, and he appeals.

None of the testimony was brought upon the record. The trust deed was made a part of the complaint, and is before us. Appellant urges but one ground for reversal, and that is that the finding of fact does not warrant the conclusions of law. We think the point must be sustained. In the trust deed we find this provision: "The said party of the second part hereby accepts said trusts, and covenants with the said party of the first part, and with each of the parties of the third part, that he shall and will faithfully execute the several trusts hereby established: provided, however, that said party of the second part shall not be liable for errors or mistakes of judg-

ment in the execution thereof." The court finds that Jones was indebted to the estate in the sum of $2,492.89, but that the estate was indebted to him in the sum of $1,492.89, leaving a balance of $1,000, for which judgment was ordered. The twenty-first finding of fact reads: "That said Jones failed to keep proper books of account of his transactions as such trustee. That he kept books of account under a system of double-entry bookkeeping, but the entries therein were so carelessly and improperly made that the books do not show a true record of his business. But the court expressly finds that, in its judgment, from the evidence, defendant, Jones, has not been guilty of any dishonest acts; any delinquency arising being the result of accident, error, and misadventure in the conduct of the business." It is clear that from the books kept by the trustee, or from evidence *aliunde*, or from both, the court was able to state to a penny the condition of the account of the trustee, because he finds the exact balance. It is certain, then, that no loss occurred to the estate by reason of careless or negligent bookkeeping. The finding quoted expressly declares that the trustee had been guilty of no dishonest acts, and that the delinquency was the result of accident, error, and misadvertence in the conduct of the business. But, in our judgment, that is exactly the character of delinquency from which the trust deed relieved the trustee when it declared that he should not be held liable for errors or mistakes of judgment in the execution of the trust. Judgment on the findings should be entered dismissing the action as to the defendant Jones. It is so ordered. Reversed. All consur.

## ON PETITION FOR REHEARING.

A petition for a rehearing in this case having been presented, it becomes necessary, by reason of the matters therein brought to our attention, to add to what we have already said. It is urged upon us that we have placed a wrong construction upon the findings of the trial court. We cannot so view it. The court found that Jones was short in his accounts as trustee in the sum of $2,492.89. It also found that the value of his services as such trustee was the sum of $1,492.89, leaving a net shortage of $1,000, for which judgment was entered. It necessarily follows that, except as to this amount of shortage, the accounts of the trustee were correct. He had not otherwise been delinquent,—there was no other "delinquency;" and when the court, in its findings said, "Any delinquency arising being the result of accident, error, and misadventure in the conduct of the business," the language necessarily referred to this particular shortage for which judgment was rendered. There was nothing else to which it could refer. We are now informed that objection was made to the incorporation of this matter in the finding. It was argued before the trial court, and its incorporation was advisedly made. We are further informed by this application for a rehearing that counsel for respondent were well advised before the convening of this term of this court that appellant would insist upon

the construction of the findings that this court places thereon. Yet counsel rested content with the findings as they stood, and did not place respondent in any condition to obtain relief therefrom. But it is now urged that the court below did not so intend to find, and we are asked to remand the record for correction. Even if counsel have not, by laches, lost the right to urge this matter, we cannot grant it. Under Sup. Ct. Rule No. 33 (74 N. W. xii) we may remand a record when there is a defective return; that is, we may remand a record, as prescribed in the rule, to have it corrected to correspond with the record which was in fact made in the court below. Further than this our decisions have never gone. See opinion on rehearing in *Moore* v. *Booker,* 4 N. D. 554, 62 N. W. Rep. 607; *Coulter* v. *Railway Co.,* 5 N. D. 568, 67 N. W. Rep. 1046; *Baumer* v. *French,* 8 N. D. 325, 79 N. W. Rep. 340. These cases show that this court will not remand a record for the purpose of having any matter inserted therein that does not appear in the record of the lower court as it stood when the appeal was taken, unless proceedings that were actually had in the lower court, and by inadvertence omitted from the record. But it is conceded that the record in this court entirely corresponds with the existing record in the trial court, and that such record was advisedly made. It is obvious that the real purpose is to have this court remand the record and reinvest the jurisdiction of the District Court, to the end that such court may make new findings that will support the judgment ordered. We know of no authority or practice in this state that will permit us so to do. The petition for a rehearing is denied. But inadvertently the order heretofore made in the case was too broad. We ordered the action dismissed. That was a mistake. The decree provided for things other than the recovery of the $1,000, and as to such other matters no appeal was taken. Our former order is vacated, and the lower court is directed to modify its decree by omitting therefrom the judgment for $1,000, and as thus modified the decree will stand. Appellant will recover costs in this court. Modified and affirmed.

(84 N. W. Rep. 479.)