## CONCURRENCE OF BENEFICIARIES NECESSARY TO RECISION OF LIFE INSURANCE CONTRACT.

[Superior Court of Cincinnati, General Term.]

THE AETNA LIFE INSURANCE COMPANY v. E. G. PENN.

Decided, December 23, 1905.

*Life Insurance—Vested Interest of Beneficiaries—Concurrence of Beneficiaries Necessary—To Rescission of Contract—Or Suit for Recovery of Premiums Paid—Parties—Pleading—Burden of Proof.*

1. Where a plaintiff pleads a right alleged to be vested in himself, and the proof discloses a right vested jointly in himself and another who is not a party to the action, the suit fails, and should be dismissed.

2. The concurrence of the beneficiaries is a condition precedent to valid action on the part of the insured in the nature of treating a contract of life insurance as rescinded and basing thereon a suit for recovery of premiums paid; nor can a suit, without the concurrence of the beneficiaries, be based upon the wrongful refusal of the company to receive further premiums or continue the policy in force.

HOSEA, J.; HOFFHEIMER, J., and LITTLEFORD, J., concur.

The petition filed in the case below on December 15, 1886, by E. G. Penn, alleges in substance that: On December 17, 1874, E. G. Penn, the defendant in error, secured a ten year policy upon his life, in the Aetna Life Insurance Company, plaintiff in error, containing a provision for renewal at the end of that time; that all premiums having been paid, a new policy was issued to Penn, pursuant to the condition of the first policy, on December 26, 1884; that premiums were duly paid on the second policy until June 26, 1886, on which day Penn duly tendered the premium then due, which tender the company refused; and the petition concludes with a prayer for $8,000 damages and "such other and further relief as the court may deem meet."

The answer of the insurance company filed March 12, 1887, admits the issue of the policy in December, 1884, and avers

that said policy was issued for the benefit of Mary A. Penn, wife of said Elijah G. Penn, and her children by him, and that plaintiff has no interest therein.  The answer sets up other defenses, in substance, that at the time of said tender the company was by request of said Penn investigating a charge of intemperance alleged against him, that, if true would have invalidated the policy under a condition of the policy to that effect; and that subsequently said Penn was notified that the premium would be received as of the day when due, but said Penn declined to pay the same; that said company thereupon demanded payment of said instalment of premium of said Penn, and of Mary A. Penn, who declined and failed to pay same; and that said policy has thereby become void; and denying any damage.

A reply was filed on January 4, 1904 (seventeen years later), admitting that the policy of 1884 contained the provision as to intemperance as alleged in the answer, but denying all its other allegations.

Upon the hearing, the introduction of the policies showed that they were issued for the benefit of the wife and children.  The court and parties seem to have treated the case, and it was tried throughout, as one for rescission with recovery of premiums paid, and a decree was entered accordingly on February 4, 1905, rescinding the contract under both policies, and finding the sum of $5,225.94 due as the aggregate of the premiums paid, with interest to the first day of the term, January 2, 1905; and judgment was given for this amount with interest from the last mentioned date.

It will be seen from the foregoing statement of the case that the defendant's first defense, namely, that the policies were issued for the benefit of the wife and children and that the plaintiff, Elijah G. Penn, had no interest in the same, was in the nature of a plea in abatement.  The code (Section 4993) provides that suit shall be brought in the name of the real party in interest, except as provided in other sections which have no application here.  Section 5006 provides that persons who have an interest in the subject-matter of the action and in obtaining the relief demanded, may be joined as plaintiffs; and Section 5007 provides that those who are united in interest must be joined as plaintiffs or defendants.

The question then is, whether this action can be maintained in the name of Penn without joining the beneficiaries? The court below resolved the question in favor of Penn, plaintiff below. If this view was erroneous the error was vital; and, as its determination lies at the threshold of any further consideration of the issues involved, we have given it careful consideration.

The rule is well established that the interest of beneficiaries in a life policy taken out for their benefit is a vested one, and can not be impaired by any act of the insured. This rule is accepted by text-writers and courts as invariable.

As expressed in Joyce on Insurance:

"The weight of authority clearly supports the rule that the beneficiary under an ordinary life policy, has such a vested interest that the assured has no control over the disposal of the fund except with the beneficiary's consent (Section 730) and can not surrender without such consent." (Section 853; see also Section 1659.)

In May on Insurance it is said:

"Cancellation can be had only by consent of parties, and when the life of one is insured for the benefit of another, the consent of the beneficiary must be obtained." (Section 67; see also Section 356.)

A substantially similar statement of the law is to be found in Bacon on Insurance, Vol. 2, Section 376.

It is undoubtedly true as a principle of general application that the parties to an executory contract have a right to something more than that it shall be performed when the time arrives. They have a right to the maintenance of the contractual relation up to that time as well; and if one of the parties renounces it before that time the other is entitled to elect whether he will accept or not accept the renunciation. *Perkins* v. *Frazer*, 107 La., 390; *Rochester* v. *De La Tour*, 2 E. & B., 678; *Frost* v. *Knight*, L. R., 7 Exch., 111; Anson on Contracts, 290; *Stephenson* v. *Cady*, 117 Mass., 6; *Rugg* v. *Moore*, 110 Pa., 236; Page on Contracts, 1599.

These principles are well established as applicable to insurance contracts.

*Insurance Co.* v. *Tullidge,* 39 Ohio St., 240, holds that where the company wrongfully refuses to receive the premium, the beneficiary has an election of remedies:

(1)   To tender premiums until the policy matures and then sue upon the contract.

(2)   To treat the contract as at an end and sue for rescission and recovery of premiums paid; and,

(3)   To obtain a judgment continuing the policy in force.

The reason for requiring a rescission, as stated by May on Insurance, is that the insured can not recover back the premiums paid and leave the question of liability on the policy open (see 356).

One of the principal references cited by Judge Okey for the holding in *Insurance Company* v. *Tullidge, supra,* is the case of *Day* v. *Insurance Company,* 45 Conn., 480, wherein the same election of remedies is declared; but it is there also held that the concurrence of both parties is necessary to terminate the policy (p. 497), and as the plaintiff sued upon breach of the implied contract by defendant to accept premiums and keep the policy alive, and sought to recover back the premium paid without having elected to consider the policy at an end, thus leaving the question of defendant's liability open, the court ordered an arrest of judgment.

This point was further emphasized in 46 Conn., 483, where it is said:

"Assuming that the defendants had no right to cancel the policy for the non-payment of the premium, the policy remaining a continuing contract in full force until the plaintiffs elected to treat it as rescinded."

If, therefore, the basis of the action to recover back premiums paid is the voluntary act of the insured in electing to treat the contract as rescinded, and if the insured can not surrender without the concurrence of the beneficiaries, such mutual concurrence is a condition precedent.

In Joyce on Insurance, under the head of Rescission, it is said:

"In determining the right of one whose life is assured for the benefit of another, the same principle is involved as in the

case where the question arises as to the right to change a beneficiary; but it may be stated here that, except there be some right reserved in the contract, or unless the act be within some permissive statute, one whose life is insured for the benefit of another can not rescind or surrender the policy without the beneficiary's consent." (Section 1651.)

In line with this doctrine is the holding in *Manhattan Insurance Company* v. *Smith*, 44 Ohio St., 156, wherein Judge Spear says:

"Had the husband, independent of any relation as agent for the wife, power to surrender the policy. * * * There was value in the policy and, at least to that extent, the wife's right in it was a vested right. She was the beneficiary named in it, and upon both reason and authority we think it clear that no new contract or arrangement of any kind which affects the vested rights of the beneficiary in the policy can be made with the company alone with the insured. * * * In the payment of premiums he was in law her agent. *. * * The relation of principal and agent implies trust and confidence. Here was antagonism and a direct effort to sacrifice her rights for his benefit. The company was bound to know that as agent he could not lawfully do that. The husband, having no authority then either by reason of having paid the premiums, or by his position as insured in the policy, nor yet as agent for the wife to make a surrender, it follows that the attempted surrender of the policy was inoperative, and the rights of the beneficiary were not impaired by the attempt."

To the same effect is *Washington Bank* v. *Hume*, 128 U. S., 195, wherein Chief Justice Fuller says:

"We think it can not be doubted that, in the instance of contracts of insurance with a wife or children, or both, upon their insurable interest in the life of the husband or father, the latter, while they are living can exercise no power of disposition over the same without their consent, *nor has he any interest therein of which he can avail himself.* * * * It is indeed the general rule that a policy and the money to become due under it belong, the moment it is issued, to the persons named in it as beneficiaries; and that there is no power in the person procuring the insurance by any act of his by deed or will, to transfer to any other person the interest of the person named."

In *Trabendt* v. *Insurance Co.*, 131 Mass., 167, the policy was issued upon request of the husband, who paid the premiums, but the application was made out in the name of the wife by the agent—the parties not understanding English and not knowing what the paper contained. In the suit for premiums a verdict was rendered for defense, which was confirmed by the Supreme Judicial Court, which said:

"The contract of insurance was between defendant and the wife. Premiums were paid by the husband with her consent and on account of her policy. He incurred no responsibility to her by reason of such payments, was no party to her contract with defendant and suffered no injury from the invalidity of that contract. If any action can be maintained to recover the amount of the premiums so paid it must be in her name and not in his." (Cit. 9, 111 Mass., 542.)

To the same effect see *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y., 143, wherein it is held that in a policy upon his life for the benefit of his wife and children, the husband, in whatever he does in perfecting and continuing it, acts as their agent, and they acquire a vested interest in it upon delivery to insured, and that the husband has no authority without the assent of the assured to surrender the policy, such act not being within the scope of his authority. See also, *Sticken* v. *Schmidt*, 64 O. St., 354 (359) ; *Foxhever* v. *Order of Red Cross*, 2 C. C.—N. S., 394.

It would seem to be a fair deduction from these authorities that the wrongful refusal of the insurer to continue the policy in force can not be availed of in a suit to rescind the policy and recover premiums without the assent and concurrence of the beneficiaries. In the present case there is not only no consent or concurrence shown, but such is negatived by the pendency of a suit by the wife to perpetuate testimony with a view to a suit against the company at the maturity of the policy upon death of the insured. It is manifest that as the basis of recovery of premiums is a judicial rescission of the contract grounded upon the concurring acts and assent of the company and the insured, such rescission would, if effective, destroy whatever right the beneficiaries may have in the policy. It is also manifest that such judgment could not be effective without the ap-

pearance of the beneficiaries in the suit as parties, and this for the reason expressed in May on Insurance (*supra*), Section 356, that the insured can not recover premiums paid and leave the question of liability of the company open.

Clearly upon these authorities, the suit in its original form as an action at law for damages merely, could not be maintained, because in this form the pleader had mistaken his remedy. In such case a judgment must fail upon motion to arrest, as in the case of *Day* v. *Ins. Co.*, 45 Conn., 480, cited in *Ins. Co.* v. *Tullidge*, 39 Ohio St., 240. For a like reason the suit to rescind and recover premiums must fail because of lack of power in Penn, *solus*, to rescind or accept the forfeiture without the concurrence of the beneficiaries. Stated in another aspect, the plaintiff below failed in sustaining the burden of proof. He has pleaded a right alleged to be vested in himself, and the proof shows a right vested in himself and another jointly, which other is not a party.

It is true that a few cases are to be found that may seem to support a contrary view. Thus in *Insurance Company* v. *Cogbill*, 30 Gratt., 72, it was held that upon the insolvency of the company the insured who paid the premiums—and he alone—had a right to demand return of the premiums, and that the wife was not a necessary party; but there the failure was not the voluntary act of the company in seeking to abrogate the contract but a failure of consideration through involuntary causes. In *N. Y. Life Ins. Co.* v. *Bonner*, 11 Neb., 169, a somewhat similar ruling is based on a code provision similar to our Section 4995, authorizing suit by a person in whose name a contract is made for benefit of a third person, but this would seem to be a misfit, because the authority given is obviously one simply to enforce the contract and not to rescind it. A third case, *Abell* v. *Penn. Ins. Co.*, 18 W. Va., 400, is based on the implied promise by the defendant upon rescinding the contract to return the money paid, *ex equo et bono*, to the insured, the implied promise being regarded as made with the party from whom it was received.

But is apparent that these cases entirely ignore the important considerations upon which the modern and better considered

cases and text statements of the law rest, and must be regarded as superseded thereby.

If the conclusions we have reached are correct it follows that the judgment below must be reversed, and it is so ordered, and proceeding to render the judgment that should have been rendered, judgment will be entered for defendant dismissing the petition with costs.

Judgment below reversed and judgment entered dismissing petition.

*James J. Muir* and *Thomas B. Paxton,* for plaintiff in error.
*Lewis Hicks* and *Hicks & North,* for defendant in error.