Iíosea, J.;
Hoffheimer, J., and Littleford, J., concur.
Heard on motion to remand for amendment, by adding parties.
The defendant in error, upon oral announcement-of the court’s opinion heretofore rendered and before entry of judgment, moves the court, in accordance with the finding that the proper parties are not before it, to permit the beneficiaries to be made parties and to remand the cause for this purpose. Counsel admits the correctness of the conclusions reached by the court as matter of law, but claims that as these go to the remedy only, the error of the plaintiff below in respect of the matters so found by this court are susceptible of correction within the statutory powers of the court, and that such correction is necessary in the interests of justice.
*548 In the opinion heretofore filed, the defense that Penn was not the real party in interest, was treated as a plea in abatement based on defect of parties plaintiff; and the finding of the court, if entered as a judgment, would be in the nature of a non-suit as relating to the remedy and not to ultimate rights. Yet it is obvious, in view of the lapse of time since the beginning of the suit, that a dismissal without prejudice at this stage would, in effect, be fatal to the rights both of the insured and the beneficiaries. For this reason we have considered with care the power of the court to grant the relief asked, and its propriety as well.
The power of the court to authorize amendment, in cases like that at bar, is derived from Section 5114 of the practice code, which prq^ides as follows:
“The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of a party, * * * or correcting a mistake In any other respect, or by inserting allegations material to the case,” etc.
The general spirit and purpose of this provision — as of the code generally — is indicated by Section 4948, which declares that — ■
“The provisions of this part and all proceedings under it, will be liberally construed in order to promote its object and assist the parties in obtaining justice.”
As early as Irwin v. Bank, 6 Ohio St., 81 (decided 1855), the Supreme Court had occasion to define and emphasize the liberal spirit in which the provision under consideration was to be enforced, and said:
“Prominent among the objects of the code was to prevent the rights of suitors or the merits of a cause from being sacrificed to technical rules or to the omissions or mistakes of his attorney' * * * hence the section of the code in regard to the correction of mistakes before and after judgment.”
In Grant v. Ludlow’s Heirs, 8 Ohio St., 1, it is said (page 32) :
“It not infrequently happens, especially in equity cases, that facts and allegations necessary to determine the subject-matter *549 of the original action and dependent on and growing ont of the original cause of action, have been omitted in the pleadings below, or the cause of action is imperfectly stated. Such amendments have been heretofore allowed on appeals in this state, and, when the collateral facts in equity suits made it necessary to bring in a new party before the court, it has been allowed. Such amendments are made for the purpose of settling and fully determining the cause of -action appealed. ’ ’
In Bank v. Street, 16 Ohio St., 1 (page 10), the expression is—
“The power of amendment given by the code, is very broad and limited only by the justice of the case.”
In Negley v. Jeffers, 28 Ohio St., 90, it is said—
“The code provision is for the benefit of a party making a mistake, and authorizes the court in furtherance of justice to permit him to add or strike out the name of a party,” etc.
In Morgan v. Spangler, 20 Ohio St., 38, new parties were allowed “to be made because they were necessary parties to a full determination of the actual controversy.”
In Henry v. Jeans, 48 Ohio St., 443, is again affirmed the “power to make new parties after judgment to prevent a failure of justice.”
In Bank v. Moderwell, 59 Ohio St., 221, the court again characterizes the power of amendment under the code as “very broad. ’ ’
These are a few of many cases wherein the Supreme Court has construed the code provision and applied the same even in cases before it for decision. Indeed, so late as Railway v. Bailey, 70 Ohio St., 88, that tribunal declares the code provision in question “especially applicable” with “respect to questions of practice in reviewing courts,” and says that—
“Since the section (5114) authorizes the amendment of proceedings with respect to substantial defects, no inference against the right to amend can be drawn from the dismissal of petitions substantially defective, where no application was made for leave to amend.”
And in Ry. Co. v. City of Elyria, 69 Ohio St., 414, the substitution of a new party plaintiff, after answer was filed, wa§ *550 upheld on the ground of being the real party in interest, with the reason assigned that the section, “provides most liberally for amendment by adding or striking out the name of a party,” etc., on terms.
In view of the construction thus placed by our highest tribunal upon the statute giving power to the courts in matters of amendment, we entertain no doubt of our power in the premises. The question of the propriety of its application remains to be considered.
As already shown, the mistake of a party or his counsel as to legal rights, is within the remedial purpose of the code, if the amendment does not change the cause of action. The error of the plaintiff below, in the present case, is one which was not obvious, but, as our former opinion' indicates, is only to be ascertained by a careful comparison and analysis of authorities, some of which are decisions subsequent to the original filing of this suit. The issue set up by the defendant below— namely, that the beneficiaries alone were the proper plaintiffs — • probably involves an error equally great, since the question has never been directly determined in Ohio, and other authorities are at variance.
On principle it would seem that the interest of the beneficiary, being in the contract and relating to its enforcement, must cease, when by consent of the beneficiary the contract is rescinded. The recovery of premiums, in this view, is upon the implied obligation, ex aequo et bono, arising upon the repudiation of its contract by the insurance company, and this implied obligation apparently goes to the party paying. Abell v. Penn Ins. Co., 18 W. Va., 400; Trabardl v. Ins. Co., 131 Mass., 167.
The premiums in such cases are but purchase money paid upon an executory contract to deliver.
In this view, therefore, the beneficiaries are necessary parties simply for the purpose of consenting to the rescission of the contract in order that the liability of the company may not remain open. (May on Insurance, Section 356.)
There are dicia, as in Ins. Co. v. Smith, 44 O. S., 156, where the court refers, passim, to premiums paid by the husband on a'poliéy in favor, of the wife,-as paid by-him in the capacity *551 of “agent,” but these cases will be found generally to .refer to policies issued directly to the wife upon the life of the husband, upon her application. (Such also were the cases in 128 U. S., 195, and 131 Mass., 167, cited in the former opinion.) They are, in fact, contracts' with the beneficiary; but in the ease at bar, the contract was made with the husband and he could in no proper sense be regarded as an agent of the beneficiaries, because he paid his own money as the consideration of the contract made with himself by the company.
We therefore see no reason to doubt the correctness of our former conclusion that both the insured and the beneficiaries are necessary parties, and that the position taken by the company below was equally erroneous with that taken by the insured. The motion of the defendant in error to be permitted to add the beneficiaries, is therefore correctly framed in this respect.
The question of propriety in granting leave, involves, however, the further and vital consideration of justice. That it is.necessary in order to save rights to the insured and beneficiaries, has been shown; and while under many circumstances such relief would be refused, because of such delay as appears in this case, yet whatever laches may be imputed to the insured in bringing on the cause for hearing is imputable with equal cogency to the company, who set up no defense of laches in the court below. Emmitt v. Brophy, 42 Ohio St., 89.
But laches in equitable proceedings is not a mere limitation of time, but rests upon the inequity of permitting the claim to be enforced, founded upon some change in the condition or relation of the property of the parties (145 U. S., 368), and involving injury to the opposite party through neglect to assert rights. (88 Mich., 177.).
Nothing appears in this ease to indicate that the delay in prosecuting the suit has worked any injury, and we are disposed, therefore, not to apply the rule, in view of the fact that if the main contention of the defendant in error be sound, the company is in the attitude of withholding money justly due, and so far from being injured by delay, has been benefited rather by prolonging it.
Lewis Hides and Hides c§ Norik, for the motion.
,T%mes J. Muir and Thomas B. Paxton, contra.
And this brings us to the final consideration of the bald justice^ involved in the present application. To refuse the application and thus defeat the claim without examination of the merits, leaves the company — if the claim asserted by the insured be just — in the attitude of a wrongdoer, who, having been paid pro tanio the purchase money upon a contract to deliver, wrongfully refuses to deliver the thing contracted for and yet retains the money paid. The statement of the proposition is sufficient to show that to permit this would be gross injustice. The effect, however, of granting the motion will bring into consideration the merits of the cause, and this can not be harmful.
Upon the whole ease as thus reconsidered, we think the motion should be granted. The concluding order of the former opinion dismissing the cause will be revoked and the cause remanded to special' term, with directions to amend by adding new parties and by amending allegations to correspond; and the further hearing and consideration of the cause continued until the next ensuing general term. But this leave is granted upon the terms of payment by the defendant in error of all accrued and accruing costs of the suit at special and at this general term, and a mandate will be sent to the court below in accordance herewith.