Ruffin, C. J.
 

 The defendant has given some evidence of declarations of Joseph Garnett, expressing a willingness that Solomon White or either of his brothers might re-purchase the land ; but nothing like an obligatory agreement for redemption is established — even if that could be entered into between these parties.
 

 The title to the plaintiff seems, therefore, to be clear as a legal title, to the undivided moiety of the whole tract, except so far as a title to a part of it may have been lost by the purchase of the defendant for taxes. For the residue of the tract, not sold for taxes, the plaintiff’s title is unquestionable ; and she has a right to partition at least of that part, since the sole seisin or adverse possession, insisted on by the defendant, extends no farther, as we understand him, than the 219 acres included in the sheriff’s deed. But as that residue is only 20 or 30 acres, the court does not think proper to decree partition of that by itself; until it be seen, whether the plaintiff yet has the right at law, or in equity to a share oí the part claimed exclusively by the defendant. Upon that point the
 
 onus
 
 is on the defendant to shew the plaintiff’s estate to be divested. If this court were to pass on his proofs, we could but pronounce them insufficient in the present state of them. They consist only of a plot of survey, dated 22nd December, 1840, and purporting to be made by Samuel Newberry, the County Surveyor of Washington, shewing the boundaries of 219 acres of land surveyed for William White, which he purchased for taxes, and taken from the tract of land given in by Asha White, there
 
 *134
 
 being in said tract
 
 257i
 
 acres, and a sheriff’s deed for the *anc* ^llls surv'eye-^) dated December 25th, 1840. But the plot is not verified in any manner, nor any proof gjygjj whether the land was laid off, out of the whole tract, as directed by the statute, nor is there any
 
 proof
 
 that the land was entered for taxes, nor by whom. We have heretofore more than once held, that the sheriff’s deed alone for land sold for taxes will not pass the title, but that it must appear that the taxes, for which the sale was made, were due, as his authority to sell.
 
 Avery
 
 v
 
 Rose,
 
 4 Dev. 549. Peiti
 
 land
 
 v
 
 Stewart,
 
 4 Dev. & Bat. 386. We think it extremely probable, that no such tax was due, as that mentioned in the sheriff’s deed: which is the taxes of 1837 on “a certain tract of land, containing 257é acres, it being the land given in by Asha White for the heirs of Wiliiam White, deceased,” inasmuch as the
 
 heirs
 
 of William White were not the persons to pay the taxes on this land, nor, indeed, the devisees in remainder, but the tenant for life occupying it. But it is probable the defendant may not have intended to complete his proofs of title, but only to exhibit his deed in support of the allegation in the answer .of adverse and exclusive possession in the defendant; and we think that course the correct one. The jurisdiction of the Courts of Equity to decree partition is conferred in .this State by statute. Rev. St. c. 85. But from the nature of the case, equity can relieve, when the titles alleged are legal, only when the title is admitted, or has been established at law, or, at the least, is very clear. But when the legal title is denied, and the defendant sets up a sole and adverse possession, a Court of Equity cannot proceed, until the party who asks the partition re-establishes the unity of possession in himself with the co-tenant. For the title and the nature of the possession are questions of law, which it belongs to a legal tribunal, including a Judge and Jury, to decide. There have been few applications in this State to the Courts of Equity for partition, because, by the statutes, a mode of doing it at law is given more simple and
 
 expeditions,
 
 and less expensive ; which is equally effectual except in cases where the title is equitable,
 
 *135
 
 or, like the present, where the plaintiff claims to be a tenant in common either at law or in equity. Where the title equitable it must be tried by the chancellor, for a Court oí Law is not competent to determine it. For the like reason, where it is legal and denied, or where the defendant avers that he has ousted the plaintiff, the right must be established at law, and the plaintiff get into- possession again. Then the decree in equity will follow, as a matter of course. And it seems now to be the regular course of the court to retain the bill, allowing competent opportunity for trying the title and recovering the possession of the undivided share in ejectment.
 
 Blynman v Brown & ux,
 
 2 Vern. 232;
 
 Wilkin
 
 v Wilkin, 1 John. c. c. 111.
 
 So
 
 we think proper to direct in this case, that the cause stand over for a year, that, in the mean time, the plaintiff may bring and try an ejectment for one half of the tract of 219 acres claimed by the defendant under the deed from the sheriff, and also for the residue of the whole tract of 2571 acres, unless the defendant shall admit the plaintiff to have title to one undivided half of such residue, and to be in possession there with him ; and if the plaintiff shall bring such action, the defendant is to be required to admit on the trial his actual ouster of the plaintiff from the tract of 219 acres, or that of 257|, as the action may be brought for the one or the other, as above mentioned. Upon bringing to our notice the re-suit of the action at law,, either party can move for further directions * and, in the mean while, all other equity and questions are reserved.
 

 Per Curiam, Ordered accordingly»-