THOMAS HASSAM et al. *v.* JAMES L. DAY et al.

1. CHANCERY: PARTITION NOT GRANTED UNLESS PARTIES HAVE A CLEAR TITLE.—A court of equity will not decree a partition unless the titles of both parties are clear; and it will not, therefore, set aside a prior partition, made in behalf of a party who has a clear title, at the instance of a party claiming a doubtful and controverted title. See *Garrett* v. *White*, 3 Iredell's Eq. 13; *Wilkins* v. *Wilkins*, 1 John. Ch. 111.

2. SAME: PARTITION: PRACTICE: LEAVE TO ESTABLISH TITLE AT LAW NOT GRANTED UNLESS ASKED FOR.—Where a complainant, seeking a partition, goes to final hearing upon the merits of his case, the court will not, of its motion, retain his bill to give him an opportunity of establishing his title at law: if he desires his bill retained for that purpose, he should apply for leave to establish his title.

ERROR to the Chancery Court of Harrison county. Hon. William M. Hancock, chancellor.

The father of complainants in the court below and eleven others, in the year 1836, formed an association called the "Mississippi Land Company," for the purpose of entering, on speculation, lands lying on the sea-shore in Harrison county. About two thousand acres of land were entered and patents issued

therefor in the names of Day and Baker, who were members of the company, and who by agreement of all concerned were to be the owners of the legal title. Day and Baker made various deeds to the parties interested and their assigns, so that they conveyed ten-twelfths of the interest in the entire tract, retaining in their names only two-twelfths, which was their interest in the same.

In 1853 one of the parties to whom said conveyances had been made filed his petition before the probate judge against the other parties in whom the legal title was vested, and procured partition of the land. In this proceeding there was no mention made of complainants' interest, nor was any share set off to them.

In 1855 the complainants—their father having died in 1837—procured Day and Baker to make them a deed for one-twelfth of said lands, being the interest of their father; and in 1857 filed this bill, in which they sought to set aside the partition made by the probate judge as fraudulent, and to have a new partition made.

The defendants, Champlin and Tegarden, resisted their claim upon several grounds, and among them they averred that Hassam, the ancestor of complainants, had never paid any thing into the treasury of the company; that the credit of five hundred dollars given him on the books of the treasurer was given by the treasurer without any actual payment, and that the treasurer being pressed by the company for a settlement it was agreed between Hassam and the treasurer that the latter should have Hassam's interest in the company for the sum which he owed. That the treasurer afterwards disposed of this interest, together with his own share, to others, and to these parties said Day and Baker had made conveyances of the said interests long before their deed to complainants in 1855.

Proof was taken in reference to these alleged transactions, which was mainly circumstantial, though tending to disprove the defence set up in relation to the alleged transfer of his interest by Hassam to Collins, the treasurer.

It does not appear who set down the cause for hearing, nor does it appear that the complainants asked leave of the court to retain the bill until their title could be established at law.

On final hearing the chancellor dismissed the bill, and complainants sued out this writ of error.

*Winchester* and *North,* for plaintiffs in error,

Insisted that if complainants' legal title was not clear, yet their equitable title was fully made out, and that the court, after establishing it, ought to have granted the partition. At all events the court should have retained the bill until complainants could have established their legal title at law; and they cited *Lucas* v. *King,* 2 Stockt. (N. J.) R. 277; *Tuckfield* v. *Butler,* 1 Dickins, 241; *Garner* v. *Morgan,* 8 Ves. 143; —— v. *Fairfield,* 17 Id. 533.

*D. W. Hurst,* for defendants in error,

Contended that complainants had no legal title, and that, before the court would grant partition, they must show that they had a clear and undisputed legal title.

HANDY, J., delivered the opinion of the court:

This bill was filed by the plaintiffs in error for a partition of certain lands in which they claim a joint interest with the defendants.

It sets forth the title of the complainants, and shows that a partition of the premises had been made between the defendants by a partition and proceedings in the probate court, in which the rights and interest of the complainants were not noticed and were wholly disregarded. These proceedings are alleged to have been fraudulently conducted as to the complainants, and to be unjust and illegal; and the prayer is, that the partition be set aside, and a partition be made, giving to the complainants their portion of the premises.

The answers of two of the defendants, principally interested in the property, deny the title of the complainants, set up their own titles, and aver that the partition was fairly and legally made; and they claim by virtue of adverse possession against the complainants, and in virtue of the partition which was made before the legal title of the complainants was acquired.

The case was submitted on final hearing in the court below

upon the pleadings and proofs; but at whose instance does not appear by the record. There is very little proof touching the material question of the title of the complainants, and upon the controverted point whether they were entitled either at law or in equity to the interest in the lands claimed in the bill. It is quite clear—and indeed it appears to be admitted by the counsel for the plaintiffs in error—that their legal title is not fully established. But it is insisted that the bill should have been retained, and the complainants allowed to establish their title at law. However this may be, if the complainants had taken that course in the court below, it cannot avail them here and in the present attitude of the case.

The case was submitted for final hearing upon its merits. No application was made to retain the bill until the title of the complainants could be determined at law. It was submitted for final disposition as it was presented; and the question was, whether the complainants had made a case entitling them to have the previous partition set aside and a new partition made.

It is well settled that equity will not decree a partition unless the titles of both parties are clear. *Garrett* v. *White*, 3 Iredell. Eq. 13; *Wilkin* v. *Wilkin*, 1 John. Ch. 111. For partition cannot be decreed except where the titles of both parties are clear. Much less could a prior partition, made in behalf of one party who is admitted to have a clear title be set aside at the instance of another party claiming a doubtful and controverted title.

As the cause was presented, it was submitted for final decree, the complainants claiming a decree for partition. It is manifest from the nature of the defences set up to the complainants' title, that the court would not have been justified in granting that relief as the case was presented; and, as it was submitted for that purpose, it was proper for the court to deny the relief; and, there being no application for leave to establish the complainants' title at law, to dismiss the bill.

Upon this view of the case the decree must be affirmed.