### JACOB ROSS

*v.*

### SARAH B. COBB.

1. PARTITION—*of the title required.* As a general rule, courts will refuse to make partition of land between parties claiming to be tenants in common, unless it clearly appears that the several persons claiming to be owners, hold title to the premises.

2.  So, where the party seeking partition under the statutory proceeding for that purpose, shows merely a *prima facie* title, arising under color of title, possession and payment of taxes for seven years, he cannot obtain the relief sought. To authorize a partition in favor of one holding under that character of title, it should appear that the persons holding the adverse title were not under disability, and that their title was undoubtedly barred.

3.  Remedy in chancery—*in such case.*   The person holding such *prima facie* title, might, no doubt, file a bill in chancery against those claiming adversely, making them and the other tenants in common parties, and have such adverse claim removed, as a cloud upon his title, and then obtain partition.

Appeal from the Circuit Court of Rock Island county; the Hon. Ira O. Wilkinson, Judge, presiding.

The opinion fully presents the facts.

Messrs. Sweeney & Jackson, for the appellant.

Messrs. Osborn & Curtis, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an application for the partition of thirty-five feet on the south side of lot seven, block twelve, old town of Rock Island. Appellee filed her petition claiming to be the owner in fee of an undivided third of the premises, and admitting that appellant was the owner of the other two-thirds. The parties both claim title from Samuel Andrews; appellant by mesne conveyances; first, a deed for the undivided two-thirds of the premises from Andrews to Pope and West, and from them to appellant. And in 1852, Andrews conveyed the remaining one-third to Benjamin J. Cobb, who died in 1863, who devised his undivided third to appellee, his widow.

It appears that Andrews was in possession of the premises until his sale to Pope and West, in 1847, and continued in possession of one-third, as tenant in common with West and

Pope, until he sold to Cobb.   It also appears that Cobb was in possession of his one-third, as tenant in common with Pope and West, from the time he purchased, in 1852, until his death, in 1863.   And appellee claims to have been in possession of this one-third, as tenant in common with Pope and West, since the death of her husband, until they sold to appellant, and with him after his purchase until she filed her petition.   That since the purchase by Cobb, he, during his life, and appellee, since his death, have paid all taxes legally assessed upon this one-third of the premises.

It also appears, that James H. Lockwood recovered a judgment against Andrews and one McMasters, in June, 1841, and that these premises were sold on an execution issued on that judgment, and that one Aaron Gould, also as a judgment creditor of Andrews, redeemed from the sheriff's sale, and purchased the lot in April, 1845, on his execution, and received a sheriff's deed which he placed on record.   It also appears that Gould subsequently sold an undivided two-thirds of the lot to Pope and West, but there is no evidence that he ever conveyed the other one-third to any person.   On this state of facts, the court below rendered a decree, directing partition and appointing commissioners, who reported that the premises were not susceptible of division, &c.   A further decree, was rendered, ordering the sale of the premises, and the payment of one-third of the purchase money to appellee and the other two-thirds to appellant.   And the case is brought to this court on appeal, and we are asked to reverse the decree because appellee has failed to establish such a title as authorized the court below to make partition.

The object of a partition being to allot to each of several owners in common their shares in severalty, free from the claims of the other tenants in common, as a general rule, courts will refuse to make partition unless it clearly and satisfactorily appears that the several persons claiming to be owners, hold title to the premises.   Only the persons who are

parties to the record can be bound by the decree of the court, hence the necessity of having all parties in interest before the court when an application is made for partition. If a partition were otherwise made, purchasers, in case of a sale, would hazard loss, by failing to acquire title, and knowing this fact, it would necessarily depress the price on a sale.

If this decree were carried into execution, and a sale should be made, and it should subsequently appear that Gould had sold the other third to persons under disability, or he had died before the statute began to run, leaving heirs who were minors or *femes covert*, they would not be bound by the decree, and if the sheriff's sale was regular and passed Andrews' title, they could still recover this one undivided third part of the lot, notwithstanding the decree and sale. It is obvious that it was not the design of the general assembly to authorize such a proceeding, unless the title in those claiming to be tenants in common was clear and satisfactory.

Appellee has established a *prima facie* title, but she has not shown that the title to her one-third, previously held by Gould, may not be owned by persons under disability who may still recover it. She has, therefore, failed to establish such a title as would authorize a court to decree a partition, unless those holding the adverse title were made parties to the proceeding. She might, no doubt, have filed a bill in chancery, and made Gould, as well as appellant, parties, and had Gould's claim removed as a cloud upon her title, and then obtained partition. Failing to do so, she was bound to do more than establish a *prima facie* title to entitle her to relief. She should have shown that the owners of Gould's title were not under disability, and that the adverse title was undoubtedly barred. Having failed to do so, the court below erred in rendering the decree for the partition and sale of the property, and it is reversed and the cause remanded.

*Decree reversed.*