FRANK J. LINNE and another *vs.* JAMES C. STOUT and another, impleaded, etc.

July 17, 1890.

**Former Judgment held not a Bar.**—*Held*, that it appears from the pleadings in this case that a former suit between the parties, although relating to the same subject-matter, was not for the same cause of action, and therefore a judgment therein was no bar to a recovery in the present suit. ·

Action brought in the district court for Ramsey county, to enforce a lien for material furnished defendant Meckelson for use and used in the construction of a row of houses which he was building for defendant Stout, the owner of the property, under a contract with him. The defendants Stout and Clark, separately answering, pleaded a former judgment in their favor, a copy of the judgment-roll in the former action being annexed to their answers. In their reply the plaintiffs admitted the judgment and proceedings in the former action, but denied that the causes of action in the two suits were the same. At the trial, before *Brill*, J., the defendants Stout and Clark moved for judgment on the pleadings, and also objected to the admission of any evidence, on the ground that the former judgment was conclusive against the plaintiffs' action. The motion was denied and the objection overruled, (the defendants excepting,) plaintiffs made their proof, and judgment was ordered in their favor. The defendants appeal from an order refusing a new trial.

The record in the former action shows that it was brought to enforce a lien for the same material and upon the same property involved in this action, the material having been furnished between July 2 and October 1, (both inclusive,) 1889. The complaint in the former action shows that the lien statement was verified January 19, 1889, and filed and the former action begun, January 25, 1889. In that lien statement and in the complaint it is stated that the material was furnished "at the request of the owner herein named, and through and under his agent and contractor, for said Hans Meckel-

son as subcontractor under J. C. Stout for the owner, James C. Stout," and while the account of material contains items under date of July 2, 1888, and under various dates in August and September, and under date of October 1, 1888, the affidavit annexed to and filed with it states that the material was furnished "since the 1st day of September, 1888." For these defects in the lien statement, the defendants, at the trial of the former action, moved for judgment on the pleadings, which motion was granted on June 5, 1889, and on June 10th judgment was entered.

The present action was brought May 22, 1889, and is based on a lien statement verified February 12, 1889, and filed March 2, 1889, and in which it was stated that the materials were all furnished "since the first day of July, 1888," and that they were furnished "to said Hans Meckelson under and by virtue of a contract between said Hans Meckelson, contractor, and said firm of F. J. Linne & Co.," (the plaintiffs,) "and for erecting a row of dwelling-houses, and said materials were used therefor and therein, under a contract between said Hans Meckelson and James C. Stout, owner, for doing the same for said owner."

*T. R. Palmer*, for appellants.

*Warren H. Mead*, for respondents.

MITCHELL, J. All of defendants' assignments of error rest entirely upon the assumption that it appeared from the pleadings that a judgment on the merits had been rendered in a former suit between the same parties for the same cause of action. That this assumption is erroneous is apparent from an inspection of the pleadings, because (1) the reply puts in issue the allegation of the answer that the former suit was for the same cause of action; (2) the judgment-roll, which is set out in the answer, shows affirmatively that, although both suits may have related to the same transaction or subject-matter, yet the causes of action were not the same.

Order affirmed.