C. H. ROSSMAN v. LAZARUS TILLENY.[1]

June 11, 1900.

Nos. 12,105—(145).

**Fee of Attorney—Res Judicata.**
>    In a former action, brought by plaintiff on a contract to recover the stipulated amount for services rendered, defendant secured a judgment upon the ground that the contract had not been completed. In a second action plaintiff sued to recover the reasonable value of the same services. *Held*, that the judgment in the former action was not a bar to the latter.

Action in the municipal court of Minneapolis to recover $200 and interest for professional services performed at defendants's request. The case was tried before Holt, J., and a jury, which rendered a verdict in favor of plaintiff for $200. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Geo. P. Douglas*, for appellant.

*C. H. Rossman*, pro se.

[1] Reported in 83 N. W. 42.

LEWIS, J.

In the former action between the same parties, plaintiff recovered a judgment against defendant for $200.77 on his fourth cause of action. The third cause of action in the complaint was for the recovery of $200, alleged to be due by agreement for the same services sued on in this action. On the trial of the present action defendant introduced the judgment roll in the former suit, and examined the plaintiff, who testified that at the close of the evidence in the former trial defendant moved for an instruction for a verdict for defendant on the third cause of action, and that the motion was granted. He also. testified that the motion was made on the ground that the evidence showed that he had not completed the contract. This former judgment having been pleaded, in the present action, in bar, the question comes up for review, the trial court having decided adversely to the defendant.

It appears from the record that plaintiff had been employed to foreclose a certain mortgage for the stipulated attorney fee of $200, named in the defeasance; that he had commenced the proceedings, but before completion defendant settled the case, whereupon plaintiff sued, as stated, upon the contract, to recover the $200. The present action is for the same services, but was tried upon the claim of their reasonable value.

Appellant's position is that the former verdict upon the issue then presented is a bar to this action; that the two remedies—the one on the contract, and the other for reasonable value of the services—are essentially one issue; and that, having elected to sue upon the contract in the former suit, and being defeated, he has had his day in court. One decision relied on by appellant is Thomas v. Joslin, 36 Minn. 1, 29 N. W. 344. In that case the second action was brought to reform and enforce a contract which, in an imperfect shape, plaintiff had attempted to enforce in the former suit. It was properly held to be one cause of action, and that the plaintiff was estopped, having elected to stand trial in the first action on the incomplete contract. In this case, however, while the subject-matter is the same in both actions, the causes of action are different. The parties are the same, the transaction the same, the relief sought the same, but the evidence required is different.

80 M.—11

"The best and most accurate test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the former and the present action." West v. Hennessey, 58 Minn. 133, 136, 59 N. W. 984.

In the former action plaintiff was required to prove that the contract existed, and that he had performed it. In the present action he was required to prove what the services were reasonably worth. In the former suit he rested on the contract price, while in the latter he called expert witnesses to show the value of the work actually done. To constitute res judicata, the former suit must be founded on the same cause of action. Linne v. Stout, 44 Minn. 110, 46 N. W. 319; State v. Torinus, 28 Minn. 175, 9 N. W. 725; Henrietta v. Barrett (Tex. Civ. App.) 25 S. W. 456. We have examined all of the assignments of error and points presented by appellant, and do not think it necessary to discuss them.

Order affirmed.