ROBERT M. STITT and Another v. RAT PORTAGE LUMBER COMPANY.[1]

May 17, 1907.

Nos. 15,100—(40).

**Estoppel by Judgment.**

To constitute estoppel by judgment, the causes of action in the former and subsequent actions must be identical.

**Same—Action on Different Contracts.**

Judgment was entered in a former action, wherein the plaintiffs sued to recover according to the terms of an express contract for services performed in driving logs, and also to recover the reasonable value of services in negotiating a certain contract. Defendants answered by pleading in defense that such services as were performed by plaintiffs were in pursuance of a certain other and different express contract.

*Held*, such judgment was not a bar to a subsequent action brought by plaintiffs to recover for the services according to the terms of the contract alleged by defendant in the former action. Although the subject-matter, the parties, and the evidence, as to the extent of the services, were the same as in the former suit, the causes of action were not the same, being founded upon different contracts.

**Evidence.**

No error was committed in receiving in evidence certain testimony taken at the former trial. The verdict is supported by the evidence.

[1]Reported in 111 N. W. 948.

Action in the district court for St. Louis county to recover $1,650 with interest for negotiating a contract and for labor in driving logs. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiffs for $1,878.50. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*R. R. Briggs,* for appellant.

*H. B. Fryberger,* for respondents.

LEWIS, J.

In 1903 plaintiffs commenced an action in the district court in St. Louis county to recover from defendant upon three causes of action growing out of certain transactions with reference to the purchase and logging of certain timber. The first cause pleaded was for the recovery of commission for the purchase of certain timber; the second, to recover the value of services of plaintiffs in negotiating for defendant a certain contract for logging with one Claire; and the third, to recover the reasonable value of plaintiffs' services in driving the logs to the boom. Defendant answered, joined issue on the first cause of action, admitted that certain services had been performed by plaintiffs with reference to the logs mentioned in the second and third causes of action, but alleged that such services were performed under another and different contract than the one alleged in the complaint.

The cause, having been removed to the federal court, was disposed of in the following manner: The court instructed the jury to return a verdict for the plaintiff upon the first cause of action in an amount not less than $150, and submitted to them the question whether the parties had made the contracts as alleged by plaintiffs in the second and third causes of action, and whether the services had been performed as therein stated, and instructed if they should find the contract for services was as alleged by plaintiffs, then to return a verdict for plaintiffs for the amount they should find to be due. The court further instructed the jury that, if they should find the contract to be as alleged by defendant, then they should find that plaintiffs were not entitled to recover upon the second and third causes of action. The jury returned a verdict of $150 for plaintiffs, and judgment was entered accordingly.

Thereafter this action was commenced by plaintiffs in the district court of St. Louis county to recover for the same services embraced within the second and third causes of action in the prior suit. Plaintiffs, however, accepted the version of the contract as contended by

defendant in the former action, and pleaded an express contract between the parties that such services were to be paid for at the rate of seventy five cents per thousand for all the logs delivered in the boom in Rainy river. Defendant answered, and pleaded the former action in abatement, estoppel by verdict, and estoppel by judgment. In this action the trial court instructed the jury, as a matter of law, that the pendency of the former action, and the verdict and judgment therein, were not a bar to the present action, and submitted the case to the jury for determination upon its merits as to what the contract between the parties was and whether plaintiffs had performed the same. The jury returned a verdict for plaintiffs for the sum of $1,878.50, and appeal was taken from an order denying defendant's motion for a new trial.

1. The record does not disclose whether the judgment entered in the former action was satisfied, and we may assume that that action is still pending. The important question, however, is not whether the former action was still pending at the time the present one was commenced, but whether the cause of action now sued upon was in fact litigated in the former suit. It conclusively appears that the present cause of action was not litigated in the former suit. In that action the plaintiffs set up three distinct and separate causes: The first embraced an entirely independent matter; the second was to recover for services in negotiating a certain contract between defendant and a third party by the name of Claire, alleged to be an agreement that plaintiffs should receive one-half the difference between the cost of the logs purchased from Claire and the market price thereof at the boom; and the third was to recover the reasonable value of plaintiffs' services in driving the logs down the Big Fork river to the Rainy river boom. Instead of pleading a general denial in defense, defendant set up another express contract, viz., that the services mentioned in plaintiffs' second and third causes of action had been provided for by an express contract between the parties for seventy five cents per thousand for all the logs delivered in the boom at Rainy river. It was not necessary for defendant to plead such special contract. It was not set up as a counterclaim. Proof with respect to it was admissible under a general denial, and, so far as it was litigated in that action, it was purely as a matter of defense, to disprove that the contract was as alleged by plaintiffs.

The mere facts that the prior action was between the same parties and that the subject-matter of the litigation was the same do not nec-

·essarily constitute estoppel by judgment or verdict. The true test is whether the causes of action are the same. This is the rule announced in Linne v. Stout, 44 Minn. 110, 46 N. W. 319. In West v. Hennessey, 58 Minn. 133, 59 N. W. 984, it was said: "The judgment in favor of defendants in the former action merely determined that the facts were not as alleged in the complaint. It is not an uncommon occurrence that a party, under a mistake of law or fact, attempts to recover by alleging a certain state of facts as his cause of action, and is defeated; but this is no bar to his recovery on another statement of facts, constituting a different cause of action, although the transaction referred to and the relief sought in both actions are the same." See also Rossman v. Tilleny, 80 Minn. 160, 83 N. W. 42, 81 Am. St. 247. In the case of Beydersdorf v. Sump, 39 Minn. 495, 41 N. W. 101, 12 Am. St. 678, relied upon by defendant, the court held that the two causes of action were identical, because they were grounded upon the same statement of facts; hence that case is authority for the rule above stated.

Defendant insists that the material question litigated in the former action was whether the services had in fact been performed by plaintiffs, and, having been considered by the jury in arriving at the verdict, constituted a trial of the questions of fact, so that the verdict and judgment were a bar to the present suit. This claim is disposed of by what has already been stated. While the subject-matter of the litigation was the same in both suits, viz., the value and extent of certain services performed, yet the causes of action were absolutely unlike, being founded on different contracts. The evidence in both the trials was received with reference to the causes of action pleaded, but the fact that much of the evidence bearing upon the extent and nature of the services was the same is not decisive, where it clearly appears that the causes of action are different.

2. In order to prove that the contract was as alleged—seventy five cents per thousand—plaintiffs read from the depositions of one Cameron, a witness examined as upon cross-examination under the statute, and also from his evidence taken at the former trial. Mr. Cameron was president, director, and manager of the defendant company. Defendant asserts that the declarations of Cameron on the stand in the prior action were not admissible as against defendant company, and that it was error to receive the evidence. We discover no reason

for challenging the admissibility of this evidence for the purposes stated, and it seems that the entire record, including the portions objected to, was received in evidence for the further purpose of determining whether the cause on trial in the present suit had been litigated in the former action. The evidence was properly received, and the jury were entitled to consider Cameron's testimony in determining whether the contract, as alleged by plaintiffs in this action, was the real contract between the parties. The court did not assume an inconsistent position in thus ruling, and in holding as a matter of law that the former judgment was not a bar. It conclusively appeared from the evidence that the contract sued on in this action was not litigated in the former case; but whether the contract pleaded by plaintiffs in the present action was in fact made, and, if so, was performed by plaintiffs, was an entirely different matter, and was properly submitted to the jury.

We find no errors in the rulings, and consider the evidence sufficient to support the verdict.

Affirmed.