## JOHN J. COYLE v. L. M. DUE.

(149 N. W. 122.)

**Judgment of dismissal with prejudice — action of partition — proposed settlement of case by oral agreement — agreement repudiated — not bar to subsequent action to quiet title — deed — mortgage.**

1. A judgment of dismissal "with prejudice to the starting of another action on the cause of action set forth in the complaint," which is rendered in an action of partition, and which action of partition is based upon the theory that the defendant will stand by and recognize an oral agreement to settle a dispute by granting a joint interest in a tract of land, is not, after a repudiation of such

oral agreement on the trial of the first action, a bar to a subsequent action to quiet title and determine adverse claims, such subsequent action being based upon the original controversy which the oral agreement might, if recognized, have settled and disposed of, and which is, to all intents and purposes, an action to have a deed declared to be a mortgage, to obtain a finding that such mortgage has been paid, and to quiet the title of the said land from the cloud thereon.

**Estoppel — causes of action must be identical in both cases.**

2. To constitute an estoppel by judgment, the causes of action in the former and subsequent actions must be identical.

**Identity of causes — test — same necessary facts — res judicata.**

3. The true test of the identity of the causes of action for the purpose of determining *res judicata* is the identity of the facts essential to their maintenance.

**Same question determined in former action — certainty of — judgment in former case not conclusive.**

4. When it is not certain that the same question was determined in favor of the party in another who relies upon the judgment therein as conclusive on such question, the judgment is not final on that point.

**Receipt in settlement — not conclusive — open to explanation — presumptions deemed conclusive — written instruments — facts recited in — truth of.**

5. A receipt which is worded, "Received of A full settlement of contract made by A for SW¼ SW¼ Sec 22" (and other described real estate), is open to explanation and proof, and is not conclusive under the terms of § 7316, Rev. Codes, 1905, which provides that "the following presumptions, and no others, are deemed conclusive. . . . (2) The truth of the facts from a recital in a written instrument" as such instrument or receipt recites no facts, and the nature and kind of settlement is nowhere stated.

Opinion filed September 14, 1914.   On petition for rehearing, October 23, 1914.

Appeal from the District Court of Ward County, *Leighton,* J.

Action to quiet title and determine adverse claims.   Judgment for Plaintiff.   Defendant appeals.

Affirmed.

Statement by BRUCE, J.

As we view the evidence in this case, and as the trial court undoubtedly found (the findings are not specific and do not go into details),

28 N. D.—26

John J. Coyle, the plaintiff and respondent, on or about October 1, 1908, desired to purchase a quarter section of land in Williams county, known as the Rooney land, but lacked the money requisite for the purpose. He therefore went to the defendant and appellant, who was the president of the Scandinavian American Bank of Minot, North Dakota, and gave the banker his promissory note for $250, bearing interest at the rate of 12 per cent per annum and a mortgage upon another farm belonging to the plaintiff, near Minot, and entered into a written agreement to the effect that "it is agreed upon by above-mentioned parties that L. M. Due has the option of taking one-half interest in the N. E. quarter of 9–155–97, which is brought this date from the original homesteader, B. W. Rooney, for the consideration of $200, and subject to a first mtg. only of $650 at 10% per annum, or taking the note of said J. J. Coyle for $250 secured by good collaterals if said L. M. Due does not upon inspection find said land good and level or desirable, L. M. Due has at this date furnished the purchase price for said land, $200, and if above mentioned land is to the satisfaction of said L. M. Due, he must at once return to said J. J. Coyle Quit Claim Deed of the SW of the SW Sec 22 N half of the NW quarter of Sec 27 and the SE of the NW quarter of 27, all in 152–84, which mentioned deed has been turned over to said L. M. Due as a guaranty that mentioned land is as described by said J. J. Coyle. It is further agreed upon that mentioned quitclaim deed, Minot, N. D. Oct. 1, 1908, shall be returned to said Coyle upon receipt of $250 if said L. M. Due does not prefer one-half interest in said land." The said sum of $200 was paid to Coyle by the said Due, and, with the said loan and with $234 derived from other sources, plaintiff and respondent then purchased the said Rooney tract, and took title thereto jointly in the names of both himself and the said Due. Thereafter the said Due inspected the land, and notified Coyle that he did not desire the half interest, and would expect the said Coyle to pay the said note of $250. In April, 1909, the respondent Coyle, being about to leave the state on an extended visit, executed and delivered to the said Due a quitclaim deed to the said land in order to assist the said Due in making a trade of the said land so that he could get his money out of it and as additional security for the said $200 loan. Later, and in August, 1909, Due, without the respondent's knowledge,

traded the so-called Rooney land for three residence lots in Eastwood Park Addition to the city of Minot, taking title to the said lots in the name of himself alone, the Rooney land at the time of said transfer being worth $2,000 and being encumbered for $650. Later, and on October 27, 1910, Due sold one of these lots (lot 10, block 7) to a relative of his wife for the sum of $175, the lot at the time being worth some $800. Prior to such sale, however, and on June 30, 1910, and at which time the respondent Coyle first learned of the trade and sale aforesaid, and during which interim the appellant for and on account of the Scandinavian Bank of Minot had repeatedly demanded payment from the respondent of the $250 note, the said respondent told the appellant that he wanted to pay him the $250, and wanted a quitclaim deed of the farm near Minot, and Due told him that it would be all right, and that if Coyle would pay him $100 he would give him back all of his papers, and as soon as a lawsuit which was pending with a third party in relation to the lots traded for was over he would deed him a half interest in the said lots, and that Coyle said, "That sounds all right to me," and thereupon paid the $100, and was given the $250 note and a release of the mortgage on the farm south of Minot, and in turn gave to Due the following receipt:

June 30, 1910. Received of L. M. Due full settlement of contract made by L. M. Due, for S. W. $\frac{1}{4}$ S. W. $\frac{1}{4}$ 22, N. $\frac{1}{2}$ N. W. $\frac{1}{4}$, S. E. $\frac{1}{4}$ N. W. $\frac{1}{4}$ 27–152–84, N. E. $\frac{1}{4}$ 9–155–97.

John J. Coyle.

Later, and on October 16, 1911, the appellant having, after the settlement of the lawsuits aforesaid, refused to deed to the respondent the half interest in the said lots, the respondent commenced an action in partition against the appellant for a division of the said lots. On the trial of this action the defendant Due repudiated and denied the oral agreement of June 30, 1910, and denied any interest or estate of respondent in the real estate in controversy, and thereupon the respondent moved the court for an order dismissing the action, and it was "ordered, adjudged, and decreed . . . that the above be and the same hereby is dismissed, with prejudice to the starting of another action on the same cause of action set forth in the complaint." Later

the plaintiff and respondent herein commenced the present action which is a statutory action to determine adverse claims and to quiet title. In this action judgment was entered for the plaintiff, and the defendant has appealed to and asked for a trial de novo in this court.

*Halvorson & Wysong,* for appellant.

This cause is *res judicata.* The former action between the same parties and over the same subject-matter settled the identical questions and facts involved in this action. Lyon v. Perin & G. Mfg. Co. 125 U. S. 698, 31 L. ed. 839, 8 Sup. Ct. Rep. 1024; Hughes v. United States, 4 Wall. 237, 18 L. ed. 305; Tankersly v. Pettis, 71 Ala. 179; Story, Eq. Pl. 793; Adams v. Cameron, 40 Mich. 506; Thompson v. Clay, 3 T. B. Mon. 359, 16 Am. Dec. 108; Pelton v. Mott, 11 Vt. 148, 34 Am. Dec. 678; Stickney v. Goudy, 132 Ill. 213, 23 N. E. 1034; Kelsey v. Murphy, 26 Pa. 78; Foote v. Gibbs, 1 Gray, 412; Thurston v. Thurston, 99 Mass. 39; Durant v. Essex Co. 7 Wall. 107, 19 L. ed. 154; Bigelow v. Winsor, 1 Gray, 301; Martin v. Evans, 85 Md. 8, 36 L.R.A. 218, 60 Am. St. Rep. 292, 36 Atl. 258.

When the decree of dismissal is unqualified, it is presumed to be an adjudication on the merits adversely to the complaint, and constitutes a bar to further litigation of the same matter between the same parties. Tankersly v. Pettis, 71 Ala. 179; Story, Eq. Pl. 793; Adams v. Cameron, 40 Mich. 506; Thompson v. Clay, 3 T. B. Mon. 359, 16 Am. Dec. 108; Pelton v. Mott, 11 Vt. 148, 34 Am. Dec. 678; Stickney v. Goudy, 132 Ill. 213, 23 N. E. 1034; Kelsey v. Murphy, 26 Pa. 78; Foote v. Gibbs, 1 Gray, 412; Thurston v. Thurston, 99 Mass. 39; 6 Enc. Pl. & Pr. 993.

Matters once determined by a court of competent jurisdiction can never be questioned. McNeely v. Hyde, 46 La. Ann. 1083, 15 So. 167.

This is true also of bills in chancery. Oxford's Case, 2 Smith Lead. Cas. p. 667, note; Wilcox v. Balger, 6 Ohio, 406; Taylor v. Yarbrough, 13 Gratt, 183; Scully v. Chicago, B. & Q. R. Co. 46 Iowa, 528; Adams v. Cameron, 40 Mich. 506; Cochran v. Couper, 2 Del. Ch. 27; Thompson v. Clay, 3 T. B. Mon. 359, 16 Am. Dec. 108; United States v. Arredondo, 6 Pet. 729, 8 L. ed. 561; Waugh v. Chauncey, 13 Cal. 12.

*Geo. A. McGee,* and *Coyle & Herigstad,* for respondent.

In order for a second action to be *res judicata,* parties must be the same, facts must be same, points and questions raised and determined same, and the identity of the facts must clearly appear. This case is not *res judicata.* Woodward v. Northern P. R. Co. 16 N. D. 38, 111 N. W. 627; Harrison v. Remington Paper Co. 3 L.R.A.(N.S.) 954, 72 C. C. A. 405, 140 Fed. 385, 5 Ann. Cas. 314; Linton v. National L. Ins. Co. 44 C. C. A. 54, 104 Fed. 584; Lake County v. Platt, 25 C C. A. 87, 49 U. S. App. 216, 79 Fed. 567; Southern Minnesota R. Extension Co. v. St. Paul & S. C. R. Co. 5 C. C. A. 249, 12 U. S. App. 320, 55 Fed. 690; Russell v. Place, 94 U. S. 606, 24 L. ed. 214; Ætna L. Ins. Co. v. Hamilton County, 54 C. C. A. 468, 117 Fed. 82; Nesbit v. Independent Dist. 144 U. S. 610, 36 L. ed. 562, 12 Sup. Ct. Rep. 746; West v. Hennessey, 58 Minn. 133, 59 N. W. 984; Linne v. Stout, 44 Minn. 110, 46 N. W. 319; Stitt v. Rat Portage Lumber Co. 101 Minn. 93, 111 N. W. 948; Rossman v. Tilleny, 80 Minn. 160, 81 Am. St. Rep. 247, 83 N. W. 42; Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; Gilman v. Gilby Twp. 8 N. D. 627, 73 Am. St. Rep. 791, 80 N. W. 889; Wells-Stone Mercantile Co. v. Aultman, M. & Co. 9 N. D. 520, 84 N. W. 375.

At law an absolute deed and a separate defeasance or agreement to recovery, executed at the same time as security for a debt, amount to a mortgage only. 1 Jones, Mortg. p. 178; Rogers v. Jones, 92 Cal. 80, 28 Pac. 97; Butman v. James, 34 Minn. 547, 27 N. W. 66; Brinkman v. Jones, 44 Wis. 498; Clark v. Landon, 90 Mich. 83, 51 N. W. 357; Nash v. Northwest Land Co. 15 N. D. 566, 108 N. W. 792; McClory v. Ricks, 11 N. D. 38, 88 N. W. 1042; 31 Cyc. 1445, 1446; Gower v. Andrew, 59 Cal. 119, 43 Am. Rep. 242; Russell v. Bradley, 47 Kan. 438, 28 Pac. 176; Largey v. Bartlett, 18 Mont. 265, 44 Pac. 962; Morrison v. Hunter, 74 Neb. 559, 105 N. W. 88; Lockhart v. Rollins, 2 Idaho, 540, 21 Pac. 413, 16 Mor. Min. Rep. 16; Fisher v. Seymour, 23 Colo. 542, 49 Pac. 30; Kimball v. Ranney, 122 Mich. 160, 46 L.R.A. 403, 80 Am. St. Rep. 548, 80 N. W. 992; Dodge v. Black, 21 Ky. L. Rep. 992, 53 S. W. 1039.

BRUCE, J. (after stating the facts as above). The first question to be determined is whether a judgment of dismissal "with prejudice

to the starting of another action on the cause of action *set forth in the complaint,"* which is rendered in an action of partition, and which action is based upon the theory that the defendant will stand by and recognize an oral agreement to settle a dispute by granting a joint interest in a tract of land, is a bar to a subsequent action after a repudiation of such oral agreement on the trial of the first action, and which subsequent action is based upon the original controversy which the oral agreement might, if recognized, have settled and disposed of, and which is in all intents and purposes an action to have a quitclaim deed declared to be a mortgage, to obtain a finding that such mortgage has been paid, and to quiet the title of the said land from the cloud thereof.

We are of the opinion that there was no legal bar to the present action, and that the dismissal of the former action was in no wise *res judicata.* The causes of action were not the same. To constitute an estoppel by judgment, the cause of action in the former and subsequent proceeding must be identical. Stitt v. Rat Portage Lumber Co. 101 Minn. 93, 111 N. W. 948. "The test of the identity of causes of action for the purpose of determining the question of *res judicata* is the identity of the facts essential to their maintenance." Harrison v. Remington Paper Co. 3 L.R.A.(N.S.) 954, 72 C. C. A. 405, 140 Fed. 385, 5 Ann. Cas. 314; Wells-Stone Mercantile Co. v. Ultman, M. & Co. 9 N. D. 520, 84 N. W. 375; Linne v. Stout, 44 Minn. 110, 46 N. W. 319; Bigley v. Jones, 114 Pa. 510, 7 Atl. 54. "When it is not certain that the same question was determined in favor of the party in another action who relies on the judgment therein as conclusive as to such question, the judgment is not final on the point." Fahey v. Easterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580. Applying these tests, it is clear to us that no estoppel by judgment has been proved.

It is quite clear to us indeed that the Code of North Dakota, in providing specifically for an action of partition in §§ 7400–7452, Rev. Codes 1905, and for the action to determine adverse claims and quiet title in §§ 7519–7537, Rev. Codes 1905, recognizes the existence of the two distinct causes of action. The common-law conception and distinction is clearly stated in 21 Am. & Eng. Enc. Law, 2d ed. p. 1147, and is as follows: "At common law, neither the title nor the right to

possession of land can be determined in an action for partition. It follows that the plaintiff in partition, in the absence of a statute authorizing the trial of questions of disputed title, must have a clear and *undisputed* title to an undivided share of the land of which partition is sought. *If the applicant is not in the actual or constructive possession of the premises to be partitioned, and they are held adversely and his title is disputed,* he cannot maintain the action." Cave v. Holford, 3 Ves. Jr. 650; Holder v. Holder, 40 App. Div. 255, 59 N. Y. Supp. 207; Church's Appeal (1888) 10 Sadler (Pa.) 230, 13 Atl. 756; Cecil v. Clark, 44 W. Va. 659, 30 S. E. 216; Deloney v. Walker, 9 Port. (Ala.) 497; Ross v. Cobb, 48 Ill. 111; Nash v. Simpson, 78 Me. 142, 3 Atl. 53; Hassam v. Day, 39 Miss. 392, 77 Am. Dec. 684; Therasson v. White, 52 How. Pr. 62; Wilkin v. Wilkin, 1 Johns, Ch. 111; Garrett v. White, 38 N. C. (3 Ired. Eq.) 131; Cannon v. Lomax, 29 S. C. 369, 1 L. R. A. 637, 13 Am. St. Rep. 739, 7 S. E. 529; Bruton v. Rutland, 3 Humph. 435; Groves v. Groves, 3 Sneed, 187; Straughan v. Wright, 4 Rand. (Va.) 493; Stuart v. Coalter, 4 Rand. (Va.) 74, 15 Am. Dec. 731; Bonham v. Weymouth, 39 Minn. 92, 38 N. W. 805.

It is not even necessary for us to determine whether the complaint in the action of partition should or could have been amended so as to put in issue the question of title, or whether that question was raised by the answer without any such amendment. All that it is necessary to say is that no such amendment was made or requested; that the complaint was clearly one in partition and in partition alone, and that the judgment merely "ordered, adjudged, and decreed that the cause is and the same is hereby dismissed, with prejudice to the starting of another action *on the cause of action set forth in the complaint."*

The nature of the judgment, in short, distinguishes the case at bar from the cases of Oliver v. Montgomery, 39 Iowa, 601; Telford v. Barney, 1 G. Greene, 575; Senter v. De Bernal, 38 Cal. 637; De Uprey v. De Uprey, 27 Cal. 333, 87 Am. Dec. 81; Hancock v. Lopez, 53 Cal. 362; McArthur v. Clark, 86 Minn. 165, 91 Am. St. Rep. 333, 90 N. W. 369; which otherwise might be authority for a holding contrary to that herein made. All that we desire to say here is that the complaint which we are here passing upon was specifically a complaint in partition, and that the prejudice of the judgment of dis-

missal was in terms limited to the cause of action set forth in that complaint and to that cause of action alone.

It may also be true that accepting judgment in an action of partition, and having a share in the land set apart to one, may forever estop such a person from claiming a greater interest in the land (Davis v. Durgin, 64 N. H. 51; Telford v. Barney, 1 G. Greene, 575; Wright v. Marsh, 2 G. Greene, 94; Bigley v. Watson, 98 Tenn. 353, 38 L.R.A. 679, 39 S. W. 525); but no such showing has been made in the case before us. The judgment of dismissal of the partition suit was not, we believe, a bar to the present action. Bigley v. Jones, 114 Pa. 510, 7 Atl. 54.

The next and only remaining question to be determined is whether the payment of the sum of $100 which was made on the 30th day of June, 1910, and the signing by the plaintiff and respondent on such day of the memorandum or receipt, "June 30th. Received of L. M. Due full settlement of contract made by L. M. Due for S. W. $\frac{1}{4}$ S. W. $\frac{1}{4}$ 22, N. $\frac{1}{2}$ N. W. $\frac{1}{4}$, S. E. $\frac{1}{4}$ N. W. $\frac{1}{4}$ 27–152–84, N. E. $\frac{1}{4}$ 9– 155–97," and the return to the said Coyle of his note for $250, and the cancelation of the mortgage on his piece of land near Minot, amounted to a relinquishment by the said Coyle of all of his right and interest in the said Rooney tract.

On the latter point the trial court found the issues for the plaintiff and appellant, and we do not feel justified in overruling his conclusions. The question is one of credibility merely. We realize that counsel for appellant are strenuous in their assertion of the falsity of the testimony of the respondent, and explain any and all weakness or vacillation in the testimony of the appellant by asserting that "the result of the entire cross-examination . . . warrants us in the presumption that such manner of cross-examining this witness was not pursued because opposing counsel lacked confidence in Due's integrity, but rather because counsel lacked confidence in the integrity of his cause, and sought, by this forceful manner, to cover up some of its innate weakness, as Lord Bacon said of Piso, that when Piso attempted to answer Cicero, the more to give pretext by sheer force of grimace to strength of argument and fecundity of thought, Piso did fetch one eyebrow to the top of his forehead and did bend the other down to his chin." We cannot, however, see anything unfair in the cross-examina-

tion but are of the opinion that much of its severity, if severity there was, was due to the natural desire to obtain answers which should be direct and responsive to the questions which were asked. The quotation from Lord Bacon, indeed, is suggestive of the main difficulty which confronts this court in all trials *de novo* under the so-called Newman act. The grimaces of counsel and the contortions of their eyelids do not appear upon the printed record, nor do we have any means of judging of the veracity of witnesses by examining their demeanor upon the witness stand. The trial judge alone has the opportunity to observe these things, and where, as in the case at bar, the judgment is sustained by clear and probable evidence, and it is a question merely of believing one man or the other, we must perforce yield to the judgment of the presiding judge, who alone is competent in the matter. If, indeed, it were not for the receipt mentioned, there would be no question of the right of the respondent to recover in this action, for that the transaction was and still is a mortgage transaction is admitted by the appellant himself. He testifies in effect as follows: "I was holding the Rooney land and the land south of the town as security for the repayment of Coyle's indebtedness . . . and I traded the property that I held as security for the repayment of moneys due me, the property that I got in that trade also stood as security for the repayment of moneys Coyle owed me. . . . I testified this morning that the Rooney land was security for the repayment of Mr. Coyle's indebtedness to me. I was agent for Mr. Coyle. . . . By the quitclaim deed Mr. Coyle left with me when he went home, that deed was only left there to assist me in making the trade so I could get my money on it and pay Mr. Coyle the money upon it." Q. "Well, now, we are at the point where you traded for the three lots in Eastwood Park that you described, and you still have the lots as security for the repayment of the indebtedness, is that a fact?" Ans. "Yes, sir. Mr. Coyle never gave me a quitclaim deed on the lots. I felt that I was trustee for Mr. Coyle of that property, and held it until the amount paid me was paid." Q. "And that relation still continues, does it?" Ans. "I don't know. *I still want the money I put in this property.* After that I am satisfied to turn it back to Mr. Coyle. He has still got the money." Q. "So that you only hold this property for

the repayment of moneys you got in it?" Ans. *"Well, yes as well as to get my money back."*

Nor do we think that the receipt was in any way conclusive. We, of course, are aware of § 7316 of the Code, which provides that "the following presumptions, and no others, are deemed conclusive: . . . 2. The truth of the facts from a recital in a written instrument between the parties thereto, or their successors in interest by a subsequent title; but this rule does not apply to a recital of a consideration." The section of the statute, however, is not applicable to the receipt in question. There is in it no recital of facts. It simply states that something has been received in full settlement, but does not state what that full settlement is. Coyle insists that the full settlement was the return of his papers on the Ward county land and the recognition of the half interest in the lots. Due, on the other hand, claims that the receipt by him of the $100 and the giving up of the note for $250 constituted the settlement. It is quite clear that in the receipt itself there is no recital of facts which is conclusive upon anyone.

The judgment of the District Court is in all things affirmed. The appellant will pay the costs and disbursements of this appeal.

Goss, J., being disqualified, did not participate.

### On Petition for Rehearing.

Bruce, J. Counsel for appellant takes exception to the last paragraph of the court's statement of facts in this case and wherein it says that *"thereupon* respondent moved the court for an order dismissing the action, and it was ordered," etc. He expresses the belief that the court construed the word "thereupon" as meaning "immediately, at once, or without delay," and that as a matter of fact the motion for dismissal was not made until after the taking of evidence before the referee and the arguments to the referee, though it was made before the final decision of the trial judge.

We did not intend to so limit the word, though perhaps our statement of fact would bear out that interpretation. The fact that the motion was not made until after the taking of the testimony and the argument to the referee does not alter our conclusions in this case. We have, indeed,

carefully examined the petition for a rehearing, and must still adhere to our former opinion.

The petition for a rehearing is denied.